O’CONNELL, Justice.
In compliance with our first decision, reported at Fla., 116 So.2d 617, this cause was remanded for further proceedings. Additional evidence was received by a different deputy commissioner who entered an order finding that claimant, Jack R. Bell, suffered a 21'% "permanent partial disability of the body as a whole as a result of the impact of the injury on claimant and his diminution of earning capacity.” The employer was ordered to pay compensation in accordance with this finding and to pay claimant’s attorneys $600.00 for their services.
Both parties sought review by the Full Commission. The claimant contended that the award of attorneys’ fee was inadequate. The employer contended that the finding of 21% permanent partial disability was not supported by the law or the evidence.
In its order entered on review the Full Commission did not decide the issues raised by the parties. Instead it only determined that the deputy should make a “finding of fact as to whether or not claimant can reasonably expect to continue in his same employment” and then thereupon reconsider his order in light of such finding. The Full Commission quashed the deputy’s order and remanded this cause to him. The claimant seeks review of this order.
In the petition now before us claimant argues that the additional finding of fact which the Full Commission ordered the deputy to make is of no legal significance in determining loss of wage earning capacity and that the record, as it now exists, is adequate to support the deputy’s order.
The employer agrees that there is no-need for further findings by the deputy and urges that we end this litigation by determining that the record does not support the finding of 21% permanent partial disability.
However it must be remembered that the Full Commission has not yet decided the merits of this cause. All it did in its order was to direct the deputy to make an additional finding of fact and reconsider his order in the light of such additional finding. Obviously, the intent was that the Full Commission would then decide the case on the merits.
Thus the only question which we are permitted to answer here is whether the Full Commission was correct in remanding this cause for the additional finding of fact.
We cannot agree with claimant in his contention that the possibility of continuation of his “present employment,” as affected by his functional disability, is not a factor to be considered in determining loss of wage earning capacity.
The likelihood of a claimant’s being able to continue, in the foreseeable future, to perform the requirements of his job, i. e. to compete with other employees, as it is affected by the permanent results of an injury is certainly relevant in the determination of loss of wage earning capacity.
This is particularly true in a case such as this where the claimant is presently employed by the same employer, is performing the same or other work and is receiving the same or greater wages.
As pointed out by Larson in his work on Compensation Law, Vol. 2, page 13, assessment of loss of earning capacity must always be a prediction about the indefinite future. Yet this prediction must be based on facts, and reasonable inferences from proven facts, as they exist at *475 the time the prediction, i. e. the award, is made.
In making this prediction it is not only ■proper but necessary that the deputy con■sider whether the claimant employee is •actually able to perform the requirements •of the job he is holding at the time the award is made or whether he is able to hold the job only because of assistance from fellow employees or the sympathetic treatment of the employer. If he finds the latter to be the case, i. e. that the employment is “sheltered,”, it would indi■cate that the wages earned in such employment are not a correct measure of wage •earning capacity.
Further, if the deputy were to find that the claimant employee was being paid his wages for lighter duties than performed ■by others receiving the same wages in the •same employment the wages received might well not be a correct measure of earning capacity.
Also, if the nature of the claimant •employee’s injury is such that it is likely, within the foreseeable future, to deteriorate thereby making it impossible for him to continue to perform the job, such facts could properly be considered in assessing the loss of wage earning capacity.
Thus, it seems entirely proper that a deputy consider whether the claimant is likely to continue in the same employment in fixing an award based on loss of wage earning capacity.
In this case we think that an analysis of the deputy’s order shows that he did consider this factor.
In paragraph eleven of his order the deputy discussed the sheltered nature of the employment. In paragraph fifteen he considered the permanence of the present employment saying that there could be no presumption that the claimant would continue in the same employment at the existing or more wages and that there was no guarantee that an injured employee will be able to retain his employment.
While the deputy did not make a specific finding of fact as to whether the claimant can “reasonably be expected to continue in his same employment”, when his order is read in its entirety it is apparent that the deputy concluded that the claimant’s present employment was sheltered, that there was no reasonable assurance that he would continue in the same employment with the same employer, and that if he had to seek other employment with other employers he could not compete equally with other wage earners who had no injury.
In view of this little, if anything, could be accomplished by sending this cause back to the deputy for a more specific finding as ordered by the Full Commission.
Nothing said here can be taken as an indication that the deputy was correct in his findings regarding the sheltered nature of the claimant’s employment or the possibility of his continuing in it. Nor do we hold that the evidence is adequate to support this or any other portion of his order.
All we hold is that it is unnecessary to send the cause back for additional findings and that, therefore, the Full Commission should proceed to adjudicate the merits of the cause on the record as it now exists.
Both parties have urged us to decide this cause on its merits without remand. Though the temptation is great, we should not and will not do so since the Full Commission has not yet exercised its jurisdiction to review and decide this case on the merits. We should not and will not deprive them of the right to do so.
Accordingly, the order of the Full Commission is quashed and this cause remanded to the Full Commission for decision of the issues presented to it.
, It is so ordered.
ROBERTS, C. J., and DREW, THOR-NAL and CALDWELL, JJ., concur.