THOMPSON, Judge.
This is an appeal from a compensation order awarding permanent partial disability (PPD) benefits based on a loss of wage earning capacity in excess of claimant’s anatomic impairment rating. We reverse.
The claimant is a highly successful salesman whose work in the hotel promotion .field involved extensive travel. He sus *419 tained a compensable back injury on March 5, 1979, when he fell while alighting from a jetliner at the Atlanta Airport. After receiving treatment at an Atlanta hospital, claimant returned to Florida and sought treatment from Dr. Farrar. Dr. Farrar hospitalized claimant for a ten-day course of conservative care, after which claimant returned to work with the employer. Because his back problems persisted, the claimant obtained additional treatment from Drs. Carducci, Stanford, and Brunson. These doctors were in substantial agreement that claimant’s injury had aggravated his pre-existing degenerative disc disease, and that he had a permanent impairment of 15% of the body as a whole, with only zero to two per cent being attributable to the industrial accident. Dr. Stanford recommended that claimant avoid heavy lifting, repetitive bending, stair climbing, and working from ladders or scaffolds. Dr. Stanford testified that prolonged sitting would increase claimant’s discomfort, and that claimant would need to take a ten-minute rest period every two hours.
The claimant testified that although he had been able to return to work with the employer, and in fact had received a $5,000 raise after his return to work, he had been forced to quit his position with the employer in September 1980 because the extensive travel requirements of the job were aggravating his back condition. Upon resigning his position, the claimant immediately went to work with Martin-Marietta Data Systems, at a salary of $43,000 per year. The claimant testified that while the Martin-Marietta job did not involve as much travel as his position with the employer, it did require prolonged sitting and more frequent attendance at trade shows. Because the claimant’s back condition made these activities difficult, he resigned the position with Martin-Marietta in April 1981. At the time of the hearing, the claimant and two former associates were working to develop a computerized energy management systems business.
In his order, the deputy found that the impairment ratings assigned by the physicians were too low, and that claimant’s “more realistic” anatomic impairment rating was 25% of the body as a whole. The deputy further found that while claimant had returned to his usual occupation after the accident, and was able at the time of the hearing to continue to work at his usual occupation, the nature of claimant’s injuries and limitations would render him incapable of performing his usual duties after a period of two to three years. Based on this prediction, the deputy awarded PPD benefits based on a 51% loss of wage earning capacity.
This award was erroneous. While an award of PPD benefits based on loss of wage earning capacity necessarily involves a prediction as to claimant’s future ability to earn, such prediction must be based on the facts which exist at the time the award is made. Bell v. Southern Bell Telephone Company, 152 So.2d 473 (Fla.1963). Here, the claimant was able to continue to work for the employer after the accident, and actually received a significant salary increase despite his injured condition. The claimant then obtained another sales position with a different employer, and an even more substantial salary increase. The evidence showed that at the time the award was made, the claimant was capable of working at his usual occupation, and of earning a salary comparable to or greater than his pre-accident wage, and the deputy expressly so found in his order. There was no evidence that claimant’s back problem is progressive in nature or that his condition would worsen in the future, and, indeed, one doctor affirmatively testified that in his opinion claimant’s condition would not deteriorate. A deputy commissioner is not at liberty to speculate that a claimant who is capable of working at his usual occupation and whose injuries have stabilized will at some future time be unable to work. Walter Boller Farms v. Stevens, IRC Order 2-3883 (Aug. 10, 1979). If the deputy’s prediction proves correct, the claimant may seek relief pursuant to the provisions of § 440.28, Fla.Stat. The order appealed from is reversed, except insofar as it requires the employer/carrier to continue to *420 furnish such palliative medical care as is necessitated by claimant’s industrial injury.
REVERSED.
LARRY G. SMITH and JOANOS, JJ., concur.