ROBERTS, Justice.
This is a petition for writ of certiorari to the Florida Industrial Commission to review a compensation order of the Commission affirming an order entered by a deputy commissioner, concluding that under the provisions of Section 440.02(9), Florida Statutes, F.S.A., disability is measured by “a diminution of earning capacity”
*613 The facts in regard to the original injury are not disputed. The claimant, Warner, was a police detective employed by the petitioner, City of Hialeah, who sustained a compensable injury to his neck and back when involved in an automobile accident on February 20, 1958. In ten days he resumed light work for several weeks then returned to normal duties. His medical treatment terminated in- April of 1958.
More than a year later, in June of 1959, a claim was filed seeking compensation based on this same injury. Claimant contended that he suffered back pain and stiffness in the mornings; that he had been forced to sell his striping business at no profit and had made less from his business in 1958 than he did in 1957. His contention is that the injury in February 1958 prohibited him from engaging in the hard physical labor required by the striping business, that he had had to sell the business, and that his overall income was and will in the future be reduced because of his inability to engage in such physical labor. The deputy listened to the disputed testimony in regard to the effect of the injury on the present complaints of claimant; decided that the injury caused the backaches and stiffness which limited claimant’s physical activities; reviewed the total income of Mr. Warner from his private business and from his job with the petitioner; and concluded that the injury suffered by claimant while at work in the employment of petitioner limited his capacity to earn by strenuous physical labor money in employment that he could have earned prior to his injury; and thereupon awarded claimant 20% permanent partial disability compensation for loss of earning capacity.
Petitioner contends that claimant suffered no decrease in his wage-earning capacity, and that indeed his wages in the same job were increased because of a raise in salary; that earnings from his private business could not be included in considering his average earnings, citing the holding in Wilson v. City of Haines City, Fla.App., 97 So.2d 208; and that the deputy and the Commission erred in interpreting Section 440.02(9) to mean “a diminution in earning capacity.”
In this case, as in other disputes under our Act, we recognize the rule of liberal construction in favor of the injured worker, but conclude that the principle cannot be invoked to vary the literal terms of our law.
The controlling statute provides a definition for disability as follows:
“Sec. 440.02(9): ‘Disability’ means incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury.”
Disability, under the statute, then is not merely “a diminution of earning capacity”. It is also incumbent upon the claimant to come forward with concrete evidence that as a result of his injury he is incapable of carrying on, in any field of endeavor, work which would equal or surpass his income from employment as earned at the time of his injury. As noted by the dissenting member of the Commission, “There is nothing in the record to indicate that the claimant cannot secure employment on the open labor market. There is nothing in the record to indicate that the claimant’s wage earning capacity will be impaired as a result of the injury any time in the future.” This problem was discussed in Southern Bell Telephone & Telegraph Co. v. Bell, Fla., 116 So.2d 617, 621: “The difference in ability of a claimant to compete in the open labor market, before and after a compensable nonscheduled injury, is a proper means of determining the loss of earning capacity only if in applying the test all factors which could hear on the claimant’s ability to compete and earn are considered.”, and further, “And in determining his ability to compete in the open labor market, this ability is not to be measured in terms of whether he can perform only the same work being performed *614 at the time of the injury hut rather by his ability to earn wages in the same or any other type of work of which he is capable and qualified to perform.” (Emphasis supplied.)
When the variables mentioned in Ball v. Mann, Fla., 75 So.2d 758, at page 760: “ * * * employee’s physical condition, age, industrial history, education, and inability to obtain the type of work which he can do insofar as affected by the injury” are considered in this case, we do not feel that complainant has established his claim for compensation. The Workmen’s Compensation Act is not a general health insurance and does not purport to place a claimant in the same position he was prior to his injury, it only endeavors to have industry compensate to some extent for a shown loss of wage-earning capacity in the same or in some employment that the worker can reasonably do, considering his individual physical condition, age, education and work experience. In any event, we think the statutory language dictates our conclusion in this case.
The respondent urges that the award must stand because it is supported by competent, substantial evidence, citing our previous holdings in this regard, however it must finally appear that the award is correct under the law. Naranja Rock Co. v. Dawal Farms, Fla., 74 So.2d 282. The record in the instant case fails to meet this test.
Accordingly, certiorari is granted, the order reviewed is quashed and the cause is dismissed.
THOMAS, C. J., and DREW, THORN-AL and O’CONNELL, JJ., concur.