248 So.2d 161 (1971)
Nevada WALKER, Petitioner,
v.
ELECTRONIC PRODUCTS & ENGINEERING COMPANY et al., Respondents.
No. 40194.
Supreme Court of Florida.
May 19, 1971.
*162 Philip Freidin of Spencer & Taylor, Miami, for petitioner.
John G. Tomlinson of Williams & Tomlinson, Coral Gables, Patrick H. Mears and J. Franklin Garner, Tallahassee, for respondents.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the Industrial Relations Commission, which reversed an award of benefits ordered by the Judge of Industrial Claims.
The claimant is a 55-year-old assembly checker at Respondent's plant. On November 28, 1966, while in the course and scope of her employment, the claimant slipped on an oily surface in the employer's plant and fell, striking full force on her buttocks and then snapping back and striking her head on the concrete floor. Two days later, she sought medical care, and was seen initially by Dr. Jay Wemple, then after two weeks obtained treatment from Dr. C.L. Wilson, an orthopedic surgeon, upon authorization by her employer. Subsequently, claimant was examined or treated by Dr. Kenneth Luxenberg and Dr. Christian Keedy, both neurosurgeons; Dr. Donald Nixon, a psychiatrist; Dr. O. Whitmore Burtner, an internist; Dr. Simon Markovich, a neurologist; and Dr. Ronald Mann, an orthopedic surgeon appointed by the Commission who performed surgery for claimant. William Reilly, a vocational counsellor, also consulted with the claimant as to her disability and employment. All these experts, except Dr. Wemple, presented testimony as to claimant's claims for compensation.
The Judge of Industrial Claims conducted several hearings, at which conflicting medical evidence was presented. To help resolve these conflicts, the Judge appointed Dr. Mann to examine claimant. Dr. Mann performed a laminectomy and testified as to claimant's physical condition. Most of the evidence presented at the hearings was *163 medical, relating to claimant's physical disability.
At the conclusion of the hearings, the Judge of Industrial Claims made the finding and conclusion:
"That claimant reached her maximum medical improvement on 4 December 68 and has suffered a 35% permanent partial disability of the body as a whole, based upon a diminution of her wage earning capacity to that extent."
On review by the Commission, the "primary issue" was stated to be "whether there is competent substantial evidence in the record to support the finding that the claimant has suffered a 35 per cent diminution of wage earning capacity." The Commission held
"A careful review of the record clearly indicates to us that the claimant has failed to establish that she has suffered an earning capacity loss or to offer any evidence upon which the judge could justify the basis for his award."
The Commission then ordered the cause remanded to the Judge of Industrial Claims, with authority to hold additional hearings and to receive evidence as to loss of wage-earning capacity. In its order, the Commission relied on the decision of this Court in City of Hialeah v. Warner, 128 So.2d 611 (Fla. 1961). The Commission properly rejected the cross-application of claimant wherein she contended she was permanently totally disabled.
The compelling question before this Court is whether the evidence before the Judge of Industrial Claims was sufficient in law to support the award of benefits for 35 per cent disability based on loss of wage-earning capacity.
It is accepted law that disability for compensation purposes is grounded both on loss of wage-earning capacity and on actual physical impairment. Fla. Stat. § 440.15(3) (u), F.S.A., provides that disability "means either physical impairment or diminution of wage earning capacity, whichever is greater."
In measuring the loss of wage-earning capacity, no single factor is conclusive. Criteria by which loss of earning capacity may be measured have been announced in a number of cases decided by this Court. These criteria include:
(1) Extent of actual physical impairment;
(2) Claimant's age;
(3) Industrial history;
(4) Education of claimant;
(5) Inability to obtain work of a type which claimant can perform in light of his after-injury condition;
(6) Wages actually being earned after the injury (a factor entitled to great weight);
(7) Claimant's ability to compete in the open labor market the remainder of his life, including the burden of pain, or inability to perform the required labor;
(8) Claimant's continued employment in the same employ.
Ball v. Mann, 75 So.2d 758 (Fla. 1954); Southern Bell Tel. & Tel. Co. v. Bell, 116 So.2d 617 (Fla. 1959), 167 So.2d 844 (Fla. 1964), and Bell v. Southern Bell Tel. & Tel. Co., 152 So.2d 473 (Fla. 1963); Clark v. Western Knapp Engineering Co., 190 So.2d 334 (Fla. 1966); Kurtz v. Wall, 182 So.2d 618 (Fla. 1966); Parrott v. City of Ft. Lauderdale, 190 So.2d 326 (Fla. 1966).
Additional criteria may be applied in appropriate cases. However, these criteria must be applied to evidence which is in the record. Wesley's, Inc. v. Caramello, 156 So.2d 853 (Fla. 1963). A failure by the Judge of Industrial Claims to include in his findings and conclusions the basis for loss of earning capacity may require reversal. See Pratt & Whitney Aircraft v. Golas, 192 So.2d 759 (Fla. 1966).
*164 In the case sub judice, the Judge of Industrial Claims concluded:
"That the claimant is age 55, attained the eighth grade, and has five grown children; that she has been employed as a machine operator for approximately fifteen years, operating punch presses, drill presses, and various machines, earning from $1.35 per hour to $1.67 per hour, up to $100.00 weekly; that claimant has complaints of tenderness over the operation scar and some pain the right ankle and soreness over the coccyx; that under the guidance of the Department of Vocational Rehabilitation she is taking a course in electronic assembly including soldering and wiring; that I have considered claimant's age, industrial history and experience, education, and her complaints of pain, along with the medical testimony presented, and I have considered claimant's physical handicap and its effect upon her ability to obtain employment in the local labor market and her ability to perform the duties of such employment, and find that she has suffered a 35% diminution of her wage earning capacity due to her industrial accident."
Examination of the record shows that each of these findings is supported by competent, substantial evidence which accords with logic and reason. The record reveals that claimant's vocational counselor considered her disabled from taking a job which required continued sitting or standing. One of the medical experts considered her disabled from taking a job which required bending, reaching or standing. Claimant testified that after her injury, she returned to work for her employer but was unable to continue working after three weeks.
Examination of the record evidence, in light of the criteria announced by this Court in prior cases, persuades us that the order of the Judge of Industrial Claims is supported by competent, substantial evidence which accords with logic and reason. Although it would have been desirable to obtain additional evidence as to claimant's economic disability, the evidence which was presented sustains a finding of disability to the extent found by the Judge. For this reason, the order of the Industrial Relations Commission is quashed. This cause is remanded to the Commission with instructions that the order of the Judge of Industrial Claims be reinstated and affirmed.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON and BOYD, JJ., concur.