287 So.2d 71 (1973)
TROPICANA POOLS, INC. and Liberty Mutual Insurance Company, Petitioners,
v.
Harry L. TRUEX and the Industrial Relations Commission of the Florida Department of Commerce, Respondents.
No. 43732.
Supreme Court of Florida.
December 12, 1973.
Paul W. Smalbein, Jr., of Sands, Smalbein, Eubank, Johnson, Rosier & Bussey, Daytona Beach, for petitioners.
Curtis B. Goff, Orlando, for respondents.
ADKINS, Justice.
By petition for writ of certiorari, we have for review a decision of the Industrial Relations Commission which affirmed an award of benefits ordered by the Judge of Industrial Claims.
The claimant, Harry L. Truex, sustained a compensable injury by accident arising out of and occurring within the course and scope of his employment on or about July 26, 1971. Claimant reached maximum medical improvement on March 24, 1972.
Conflicts of fact existed in the testimony presented on behalf of the claimant and on behalf of the employer and carrier as to the extent of the claimant's physical limitations based upon the subjective complaints of the claimant. The only question is whether the Judge of Industrial Claims was correct in awarding claimant a five per cent permanent partial disability of the body as a whole based upon decreased earning capacity.
Claimant testified, and the Judge of Industrial Claims found, that when he was last seen by the primary treating physician, claimant had pain in his neck, shoulders, arms and upper back and that he had been taking prescriptions four times a day to control this pain. Claimant was a 41-year-old white male with an eleventh grade education, whose work history consisted solely of heavy labor. The order of the Judge of Industrial Claims contains the following:
"I find, based on the claimant's subjective complaints of pain in his neck, shoulders, upper back and leg, his age, education and work history, that he has sustained a 5% permanent partial disability of the body as a whole based on a loss of wage earning capacity."
*72 The fact that the testimony of the treating physician may be contradictory of the testimony of the claimant on the point of his permanent disability does not prevent the Judge of Industrial Claims from finding that claimant sustained a five per cent permanent partial disability of the body as a whole, based on a loss of wage earning capacity. The Judge had a right, as a matter of law, to accept the opinion of the physician on this point or to reject it and base his conclusions on the testimony of the claimant Truex. As stated by this Court in Star Fruit Co. v. Canady, 159 Fla. 488, 32 So.2d 2 (1947):
"We find no testimony in the record contradictory of the testimony of the claimant on the point of his permanent disability other than the opinion of the doctor to the effect that Canady was physically able to work after sustaining the injury in 1946. The Circuit Judge had a right, as a matter of law, to accept the opinion of the Tampa physician on this point or to reject it and base his conclusions on the testimony of the claimant Canady. We have held that the findings of fact on conflicting testimony in the court below will usually be sustained if supported by substantial evidence. Cone Brothers Contracting Co. v. Massey, 145 Fla. 56, 198 So. 802." (p. 4)
The criteria by which loss of earning capacity may be measured have been announced in a number of cases and summarized in Walker v. Electronic Products & Engineering Co., 248 So.2d 161 (Fla. 1971), as follows:
"These criteria include:
"(1) Extent of actual physical impairment;
"(2) Claimant's age;
"(3) Industrial history;
"(4) Education of claimant;
"(5) Inability to obtain work of a type which claimant can perform in light of his after-injury condition;
"(6) Wages actually being earned after the injury (a factor entitled to great weight);
"(7) Claimant's ability to compete in the open labor market the remainder of his life, including the burden of pain, or inability to perform the required labor;
"(8) Claimant's continued employment in the same employ." (p. 163)
The Judge of Industrial Claims had the opportunity to observe the claimant and pass upon his credibility. His findings were sustained by the Industrial Relations Commission. Under these circumstances, we recognize the variables which must be taken into consideration in determining the percentage of loss of earning capacity. This can never be ascertained with mathematical precision. In Harris v. Lenk, 224 So.2d 283 (Fla. 1969), we said:
"We are concerned here with decreased earning capacity which sometimes may not be proportional to general physical functional impairment. No one standard is conclusive in the determination of the degree of incapacity to earn the same wages after the injury as prior to the injury... . The assessment of loss of earning capacity must always be a prediction about the indefinite future and it is not only proper but necessary that the judge consider whether the claimant employee is actually able to perform the requirements of the type of work she was doing at the time the disability occurred. The knowledge gained from personal observation of the claimant may be just as an important factor as the evidence produced by the testimony, depositions and exhibits in determining the percentage of loss of wage earning capacity." (Emphasis supplied.) (p. 285)
The findings of the Judge of Industrial Claims, as affirmed by the Industrial Relations *73 Commission, were supported by competent and substantial evidence. Accordingly, the petition for writ of certiorari is denied.
It is so ordered.
CARLTON, C.J., and BOYD, McCAIN and DEKLE, JJ., concur.