327 So.2d 221 (1976)
Mark SCHAFER, Petitioner,
v.
ST. ANTHONY'S HOSPITAL et al., Respondents.
No. 46430.
Supreme Court of Florida.
February 11, 1976.
*222 John G. Thompson of Brown, Watson, Goldstein & Douglass, St. Petersburg, for petitioner.
James T. Earle, Jr. of Earle, Yanchuck & Cooper, St. Petersburg, for respondents.
OVERTON, Justice.
Petitioner, as claimant, seeks review of an Industrial Relations Commission decision which reversed and remanded this cause to the Judge of Industrial Claims for "reconsideration" of the claimant's lost wage-earning capacity. The Commission held the petitioner's testimony was not competent as it concerned his loss of wage-earning capacity when coupled with his failure to respond to offers to discuss available jobs with the employer. It further held that the Judge of Industrial Claims failed to fully apply the criteria set forth in Walker v. Electronic Products & Engineering Company, 248 So.2d 161 (Fla. 1971), recently reaffirmed in Tropicana Pools, Inc. v. Truex, 287 So.2d 71 (Fla. 1973), and did not detail adequately the reasons for his findings and conclusions.
We interpret the Commission's order as a remand requiring the taking of further evidence and a direction to the Judge of Industrial Claims to be more explicit in his grounds for his findings and conclusions.
The fact that this record might contain substantial competent evidence to support the findings of the Judge of Industrial Claims does not prohibit the Commission from requiring the Judge to take further evidence and make more expansive findings to assure a just result. The Commission possesses inherent authority to direct its finders of fact to meet the issues presented in each claim with answers as fully developed in fact as its quasi-judicial supervisory function and judicial economy require. Section 440.25(4)(d), Florida Statutes (Supp. 1974).
The order of the Industrial Relations Commission does not appear to be a final disposition of this cause. Viewing the proceedings in this context, the petition for writ of certiorari is denied. The petition for attorney's fees is denied.
It is so ordered.
ROBERTS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, C.J., dissents.