PER CURIAM.
By writ of certiorari we have before us an order of the Industrial Relations Commission remanding this case to the Judge of Industrial Claims for a more complete recitation of the facts determined by her.
After noting the stipulations made by the parties, the Judge made the following findings:
“2. The claimant took the position that he was permanently and totally disabled and that his maximum medical improvement date was to be determined by the court in accordance with the report of Dr. Martin dated April 11, 1974; the carrier took the position that the claimant had sustained an 8 percent permanent partial disability as of March 12, 1974.
3. Glenn Ur, an employment counselor, employed by the Florida State Employment Service testified as to the employment opportunities available to the claimant and the claimant testified about his own employment experience.
The Court having considered the claimant’s limitations as expressed by Dr. Davison, his physical limitations as expressed 1 the two orthopaedic whose reports were received in evidence, the expert opinion of Mr. Ur, the experience of the claimant, and the court having observed the claimant in the hearing room, and considered his the [sic] apparent limitations, finds that the claimant has sustained a 60 percent loss of earning capacity and finds that the date of maximum medical improvement occurred on March 12, 1974, the date upon which Dr. G. A. Martin first assigned an anatomical rating to claimant.”
Our review of the record discloses no valid reason for the Commission’s order reversing the award of compensation and remanding the case to the Judge of Industrial Claims for a more detailed recitation of the facts. Pierce v. Piper Aircraft Corp., 279 So.2d 281 (Fla.1973). The award of compensation is supported by substantial competent evidence and its basis is sufficiently explained. This case bears no similarity to Schaefer v. St. Anthony’s Hospital, 327 So.2d 221 (Fla., Opinion filed February 11, 1976), in which the Commission had remanded to the Judge of Industrial Claims for additional findings of fact.
The petition for the writ of certiorari is granted and the order of the Commission is reversed. This case is remanded to the Commission with instructions to reinstate the order of the Judge of Industrial Claims.
ROBERTS, Acting C. J., and ADKINS, BOYD, ENGLAND and SUNDBERG, JJ., concur.