354 So.2d 874 (1978)
Jean BURO, Petitioner,
v.
DINO'S SOUTHLAND MEATS, Cosmopolitan Mutual Insurance Company, and the Industrial Relations Commission, Respondents.
No. 51866.
Supreme Court of Florida.
January 12, 1978.
*875 Laurence E. Windsor, of the Law Offices of Israel Abrams, North Miami Beach, for petitioner.
Michael J. D'Agostino, of Pyszka, Kessler, Adams & Solomon, Miami, for respondents.
SUNDBERG, Justice.
By petition for writ of certiorari we are asked to review an order of the Industrial Relations Commission reversing a Workmen's Compensation award for failure of the Judge of Industrial Claims to state sufficient facts for review by the Commission and for his failure to make a determination as to whether petitioner made a bona fide effort to obtain employment. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution, and Section 440.27, Florida Statutes (1975). In accordance with Florida Appellate Rule 3.10 e. we have dispensed with oral argument.
Petitioner sustained injuries arising out of and in the course of her employment as a cashier in a meat market when she slipped and fell on a greasy floor at her employer's premises on June 12, 1975. Petitioner's injuries affected her lower back, neck, shoulders, and legs. She was treated by several physicians approved by the carrier, including an orthopedic surgeon, until July 24, 1975, when the orthopedic surgeon concluded that she had reached maximum medical improvement. However, commencing August 13, 1975, petitioner came under the care of Dr. Kenneth Pollock, a chiropractic physician, because she continued to experience pain or discomfort. Dr. Pollock continued treating petitioner until December 12, 1975, at which time he discharged her as having reached maximum medical improvement. In the interval between the injury and December 12, 1975, petitioner attempted on several occasions to resume her employment as a cashier but found that she was neither able to stand for protracted periods of time nor able to perform the bending required by the job. However, petitioner did return to work with her employer on December 15, 1975, performing bookkeeping functions, which permitted her to remain seated in the course of her job. In her capacity as bookkeeper, petitioner works three or four hours per day, receiving a salary of $50 per week. Petitioner's weekly wage at the time of the injury was $100 per week.
Dr. Howard Kurzner, the orthopedic surgeon approved by the carrier, reexamined petitioner on December 9, 1975. Based on the reexamination, Dr. Kurzner reaffirmed his opinion that petitioner could have returned to work on July 24, 1975, and opined that she was left with no permanent partial disability as a result of the industrial injury. Subsequent to December 12, 1975, Dr. Pollock referred petitioner to his associate, Dr. David Boschowitz, for disability evaluation in that Dr. Boschowitz was a board-certified chiropractic orthopedist. Based on the AMA Guide to Evaluation of Permanent Impairments, Dr. Boschowitz was of the opinion petitioner had sustained a ten percent permanent partial physical impairment of the body as a whole due to the industrial accident.
*876 Pertinent to our review are the following portions of the order of the Judge of Industrial Claims:
"4. As a result of her accident, claimant suffered temporary total disability from June 13, 1975 to December 13, 1975, at which time I find she reached her maximum medical improvement. This finding is based on the testimony by deposition of Dr. Kenneth Pollock, notwithstanding the opinion of Dr. Howard Kurzner.
"5. Having found that the claimant had reached her maximum medical improvement on December 13, 1975, I further find that she has sustained a 10% permanent partial physical impairment of the body as a whole. This finding is made notwithstanding the opinion of Dr. Howard Kurzner, who indicated that the claimant had sustained no permanent disability, but is based on the testimony by deposition of Dr. David Boschowitz.
"6. The claimant is a 59 year old female who attended one year of high school and who also has a limited background as a dental assistant. Throughout most of her adult life she has worked in her capacity as a housewife although for approximately the last ten years she has been employed as a cashier and hostess in two restaurants, until her recent employment with the present employer with whom she was a cashier whose duties included waiting on customers at the meat market. She complains of low back pain as well as occasional pain in her neck and shoulders. She also complains of pain when she is required to do any heavy lifting, bending or standing for long periods of time. The claimant testified, and I so find, that she has returned to work with the employer, Dino's Southland Meats, earning $50.00 per week in the capacity of a bookkeeper which is primarily a sedentary job and is compatible with her stated physical condition. Having considered the above stated age, education and industrial background together with the 10% permanent partial physical impairment rating, I find that the claimant sustained a 50% permanent partial disability based on a loss of future wage earning capacity. I recognize, and it should be noted, that the claimant's husband is the president of the corporation which is the employer, and therefore, the claimant's employment could be considered as sheltered. I find, however, that her employment is not sheltered and that her $50.00 per week income accurately reflects her earning capacity."
* * * * * *
Upon review by the Industrial Relations Commission, the following points were presented:
"1. Whether the Judge erred in finding that the claimant sustained a 50% permanent partial disability of the body on the basis of loss of earning capacity.
"2. Whether the Judge erred in finding that the claimant sustained a 10% permanent partial physical impairment of the body as a whole.
"3. Whether the Judge erred in finding that the claimant was disabled from June 13, 1975, to December 13, 1975."
The commission reversed as to all three points because (i) the Judge of Industrial Claims made no finding as to criteria by which he found that the claimant sustained a fifty percent permanent partial disability based on a loss of wage earning capacity; (ii) the Judge of Industrial Claims made no determination as to whether the claimant had made a bona fide effort to obtain employment; and (iii) the order of the Judge of Industrial Claims did not show why he chose to accept the testimony of Drs. Pollock and Boschowitz rather than that of Dr. Kurzner. Consequently, the Industrial Relations Commission reversed the order of the Judge of Industrial Claims and remanded for the purpose of entering a further order in accord with their disposition.
With respect to points (i) and (iii), it is apparent that there is competent, substantial evidence in the record, which comports with logic and reason, to support the findings of the Judge of Industrial Claims. United States Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla. 1951). In *877 our view, the findings of the Judge of Industrial Claims which are set forth in this opinion meet the requirements of Pierce v. Piper Aircraft Corp., 279 So.2d 281 (Fla. 1973), even as refined by Vargas v. Americana of Bal Harbour, 345 So.2d 1052 (Fla. 1976). In our estimation, the findings of ultimate fact recited in paragraph 6 of the order meet the criteria enunciated in Walker v. Electronic Products & Engineering Company, 248 So.2d 161 (Fla. 1971). Likewise, we do not deem it essential, in view of the teachings of Pierce, supra, for the Judge of Industrial Claims to explain precisely why he accepts the testimony of one doctor and rejects that of another. In the case sub judice, it is clear that the Judge of Industrial Claims did not ignore or overlook the opinion testimony of Dr. Kurzner; he merely chose to accept the opinions of Drs. Pollock and Boschowitz instead. In view of the apparent expanded standard and scope of review in the Commission, demonstrated by the decisions of this Court in Chicken `N' Things v. Murray, 329 So.2d 302 (Fla. 1976), and Mahler v. Lauderdale Lakes National Bank, 322 So.2d 507 (Fla. 1975), it is incongruous to insist upon more elaborate findings of fact by the Judge of Industrial Claims as to matters such as are involved here.
Nor do we believe it was incumbent upon the Judge of Industrial Claims in this case to make an express determination as to whether petitioner made a bona fide effort to obtain employment. First, it is apparent that petitioner sought to return to her former employment as cashier on several occasions and was unable to perform the tasks inherent in that job. Second, at the time of the hearing before the Judge of Industrial Claims, petitioner was, in fact, employed in a more sedentary job. The Judge of Industrial Claims specifically found that petitioner's employment as a bookkeeper was not sheltered employment. The record before the Judge of Industrial Claims contained competent, substantial evidence to support his finding of permanent disability based upon wage earning capacity. In the context of this case it would appear nonsensical to require petitioner to seek other employment in the open labor market. The evidence of petitioner's employment history up to and including the date of the hearing was sufficient to shift the burden to respondents to prove the availability of other job opportunities in the open employment market. Port Everglades Terminal Co. v. Canty, 120 So.2d 596 (Fla. 1960).
Respondents would justify the order of the Industrial Relations Commission upon the authority of Schafer v. St. Anthony's Hospital, 327 So.2d 221 (Fla. 1976). Respondents' reliance on this decision is misplaced. First, there is a factual dissimilarity between Schafer and this case. The testimony of the claimant in Schafer was not competent as it concerned his loss of wage earning capacity, "when coupled with his failure to respond to offers to discuss available jobs with the employer." Id. at 222. Here, petitioner returned to work with her employer, sought to perform the functions of her original employment and, when unable to do so, accepted a more sedentary job with the employer. Second, although Schafer recognizes authority in the Industrial Relations Commission to enter orders, interlocutory in nature, to perfect areas of a record before them which are insufficient, the holding of that decision cannot constitute authority for indiscriminate remands to the Judge of Industrial Claims where the record contains competent substantial evidence.
For the foregoing reasons, the petition for writ of certiorari is granted and the order of the Industrial Relations Commission is quashed.
It is so ordered.
ADKINS, HATCHETT and KARL, JJ., concur.
OVERTON, C.J., dissents.