PER CURIAM.
The employer/carrier seeks review of the judge of industrial claims’ order contending that the judge erred (1) in finding that claimant had not reached maximum medical improvement and in reclassifying his permanent partial disability benefits as temporary total disability benefits; (2) in ordering that claimant be narco-analyzed and furnished a transcutaneous nerve stimulator; and (3) in requiring the carrier to pay for medical tests which were done to rule out tuberculosis as an element in claimant’s disability.
We affirm the provision of the tran-scutaneous nerve stimulator and the payment of the disputed medical bill. We reverse the provision of the narco-analysis and the finding that claimant has not reached maximum medical improvement.
The record does not support a need for the narco-analysis. The claimant is being treated for his complaints, and there is no indication that narco-analysis is here required by the nature of the injury or the process of recovery, § 440.13, Florida Statutes (1977).
Nor is there competent, substantial evidence to support the judge’s finding that maximum medical improvement had not been reached and that claimant continued to be temporarily and totally disabled. Neither the doctors nor the claimant testified that claimant was likely to improve, and all doctors testified he had reached maximum medical improvement.
There is competent, substantial evidence that claimant is permanently disabled in excess of his anatomical impairment. Therefore, we remand for a determination of his degree of disability under the criteria established in Walker v. Electronic Products and Engineering Co., 248 So.2d 161 (Fla.1971).
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
MILLS, C. J., and McCORD, J., concur.
BOOTH, J., dissents with an opinion.