SHIVERS, Judge.
This appeal is from an Order of the Judge of Industrial Claims (JIC) denying appellant’s claim for workmen’s compensation benefits. The JIC found that claimant was not injured by accident arising out of and in the course of his employment with appellee Daugherty. This finding was based on the testimony of Raymond Dix. The JIC found that claimant’s present physical impairment related to an accident that occurred before July 2, 1976, sometime during 1973. The JIC did not resolve the conflicting medical evidence. We reverse and remand for the taking of additional evidence.
On March 9, 1973, claimant sustained an injury to his back that resulted in a 10% permanent partial disability rating. Claimant' was paid workmen’s compensation benefits for this injury and returned to construction work in less than six months.
Claimant alleged that he reinjured his back while working for Daugherty on July 2, 1976, the Friday before the July 4th holiday weekend. The following is a brief summary of claimant’s testimony. Between 4:30 and 5:00 p. m. he packed his tools in a cardboard box, placed a sheet of plastic over the tools to protect them from a light rain, and left the job site, the interior of a house under construction, to place the box filled with tools in his van. Between the house and the van, he slipped in an area that had been washed out by a heavy rain earlier that day. When he slipped, he went down on one knee, but he did not fall or drop his tools. He immediately felt a pain in his back. He loaded his tools in the side door of his white van and drove home in pain.
Because of the holiday weekend, claimant did not see a doctor until July 6, 1976. Claimant notified his employer of the alleged accident on July 6, 1976. Both the claimant and his wife testified as to claimant’s condition following the alleged accident.
Mr. Dix, a co-employee, was working as the job foreman on July 2, 1976. Mr. Dix’s testimony was that he and Mr. Daugherty, the employer, were talking in front of the *1361 house on the day and at the time of the alleged accident. Mr. Dix testified that it was not raining at the time of the accident, that he saw claimant make more than one trip between the house and the van, and that claimant loaded his tools in the rear door of claimant’s black van. Mr. Dix testified that he observed claimant at all times and that claimant did not slip.
The appellees paid claimant temporary total disability compensation from July 6, 1976 to May 30,1978, together with medical benefits which included the cost of surgery to claimant’s back.[1]
Another employee of Daugherty was subpoenaed by the employer for the final hearing but did not appear. According to the testimony of Mr. Dix, Mr. Daugherty was standing in front of the house with Dix at the time of the alleged accident. Mr. Daugherty did not testify. Mr. Dix testified that claimant’s van was black. Claimant said it was white. Mr. Dix testified that claimant came out of a side door of the house under construction. Claimant said that he came out of a rear door and that the door Mr. Dix described had not been constructed on July 2, 1976. Mr. Dix testified it was not raining. Claimant testified it had rained heavily earlier in the day and that it was raining lightly at the time of the alleged accident. Certain weather reports referred to by claimant are not included in the record.
We recognize the role of and the responsibility of the Judge of Industrial Claims as the trier of fact. He based his ruling on the testimony of Mr. Dix. However, the conflicts in the testimony of appellant and that of Mr. Dix can be more justly resolved by the taking of additional evidence. This evidence may have a great bearing on the decision to be made by the Judge of Industrial Claims. To assure a just result and to assure that the issue as to whether claimant sustained an accident arising out of and in the course of his employment with Daugherty, the cause is remanded for the taking of additional evidence. Schafer v. St. Anthony’s Hospital, 327 So.2d 221 (Fla.1976).
ERVIN and SHAW, JJ., concur.

. The issue of whether appellees are estopped to deny the fact of the injury will not be decided at this time, but see Painter v. Board of Public Instruction of Dade County, 223 So.2d 33 (Fla. 1969).