385 So.2d 1138 (1980)
PLANTATION CONSTRUCTION COMPANY and Michigan Mutual Insurance Company, Appellants,
v.
Terence AYERS, Appellee.
No. QQ-400.
District Court of Appeal of Florida, First District.
July 3, 1980.
*1139 Gerald T. Nolan of Nolan & Usdan, Fort Lauderdale, for appellants.
Kevin A. Malone of Krupnick & Campbell, Fort Lauderdale, for appellee.
LARRY G. SMITH, Judge.
The employer and carrier appeal a worker's compensation order finding that claimant suffered a 10% permanent partial disability of the body as a whole. Appellants contend that the evidence does not support the Deputy Commissioner's finding of physical impairment upon which he based the award, and in view of the Deputy Commissioner's further specific finding that the evidence is insufficient to show a loss of wage earning capacity, the award of 10% permanent partial disability was error. We agree and reverse.
While working as a diver laying utility pipes for his employer claimant developed ear infections, caused by contact with bacteria in the water, which were so severe as to require medical treatment and hospitalization. He also developed symptoms requiring psychiatric evaluation and treatment, and there was evidence of some memory loss or dysfunction after his recovery from the ear infections. Although no medical witness testified that claimant had any sort of permanent disability related to his ear condition, a treating physician, Dr. George A. Burkhardt, testified: "I suppose it depends upon your definitions of permanent disability. He is in my opinion disabled only as it relates to exposure to water in his ears." After a hearing, the Deputy Commissioner entered an order finding that the claimant "has suffered a permanent physical impairment in that he is no longer able to work in proximity to water." Upon the basis of this finding the Deputy Commissioner determined that claimant suffered a permanent partial disability of 10% of the body as a whole.
We find no basis in the record upon which to sustain the award. There was no scheduled injury under Section 440.15(3)(m) or (s), Florida Statutes, since there is no testimony or finding of a permanent hearing loss resulting from the ear infection. Furthermore, these infections have been successfully treated and cured, so that it cannot be contended that claimant is suffering from an "occupational disease," under Section 440.151, Florida Statutes.
Claimant's treating physician recommended that he discontinue employment as a diver, because of the severity of the infections produced by repeated and prolonged exposure to water. However, we are unable to accept the Deputy Commissioner's apparent conclusion that the likelihood of a further recurrence of bacteria-caused ear infections, if claimant continues to dive, may be classified as a "physical impairment." Appellee's attempt to find support for this conclusion in Martinez v. Robert Weber Construction Co., 181 So.2d 645 (Fla. 1966), is unavailing. In Martinez, a carpenter who suffered a head injury was required to accept a job at lower wages in order to avoid headaches produced by loud noises from construction equipment being used at his regular employment sites. However, the award of benefits was based upon impairment of his wage earning capacity, a factor that distinguishes Martinez from this case, since here the Deputy Commissioner specifically found no loss of wage earning capacity. The same factor also distinguishes Tropicana Pools, Inc. v. Truex, 287 So.2d 71 (Fla. 1973), and Buro v. Dino's Southland Meats, 354 So.2d 874 (Fla. 1978), cited by appellee. See also Williston Welding Fabricating Co. v. Brooks, IRC Order No. 2-3167, (1977), in which the Commission held it was error to award 25% permanent partial disability based upon physical impairment where no support of a disability rating above 5% was indicated by the medical evidence. There the Commission stated:
The Judge in this case found no wage earning capacity loss so any finding of disability greater than the 5% indicated *1140 by the medical evidence should not only have solid foundations in competent substantial evidence from the record but be fully and logically demonstrated in the Order.
We acknowledge the holding in Tropicana that an award of partial disability may be sustained despite contrary testimony by the treating physician, and we acknowledge also the principle stated in Magic City Bottle & Supply Company v. Robinson, 116 So.2d 240 (Fla. 1959), that the opinions of medical experts in worker's compensation cases are not conclusive, and in some cases the Deputy Commissioner may disregard the opinions of experts, and give greater weight to lay testimony, or demonstrative evidence. We simply hold that, under the circumstances presented here, the mere inability to further engage in diving activities is not a "physical impairment" as the term is used in Section 440.15(3)(u), Florida Statutes. There is no evidence here of a continuing disease or disorder, nor that claimant will suffer any disability in the future, so long as he refrains from diving. We agree, of course, as did the Court in the Martinez case, that the occupationally related limitation upon claimant's activities would be a factor bearing upon determination of his loss of wage earning capacity. However, it appears that the Deputy Commissioner gave consideration to the evidence on this issue and found adversely to the claimant. His conclusion on this point has not been made the subject of a cross-appeal. Notwithstanding the failure of appellee to cross-appeal, we have examined the record in the light of the ruling in Palm Beach Junior College v. Aho, IRC 2-2985, (1976), cert. den. 339 So.2d 1171 (Fla. 1976), that if the order of the Deputy Commissioner is based upon erroneous grounds, but the result is nevertheless justified, the order should be affirmed. In order to justify the result here, we would be compelled to completely disregard the Deputy Commissioner's finding of no wage earning capacity loss, as well as the evidence supporting this finding. This we are unable to do.
As to the remaining issues, appellee has stipulated to the date November 2, 1978, as the date of maximum medical improvement as contended by appellant, and our reversal of the award precludes recovery of attorney's fees and costs to the extent that the same are predicated upon the order appealed.
This cause is REVERSED and REMANDED.
McCORD, J., concurs.
WENTWORTH, J., dissents.
WENTWORTH, Judge, dissenting.
The medical evidence does in my opinion show that, as a result of his 1978 occupational exposure, claimant suffered a continuing residual disorder consisting of a physically impaired ability to resist water-borne infection in his ears. I would therefore affirm the award of 10% permanent partial disability compensation, even assuming that ordinary physical impairment standards apply to disablement from occupational disease. § 440.151(3), Florida Statutes. See Manzo v. Gem Tile Corp., 3 FCR 187 (1958); Meyer v. Thomson, 4 FCR 322 (1960).[1]
The award may also be supported by the record evidence, from the employer utilizing employees in the occupations of pipe-laying and truck driving, that there existed an earning capacity differential (an hourly rate of $4.75 compared with $4.00) greater than 10% in favor of the former employment for which claimant was no longer fit. The deputy's finding against earning capacity loss would appear, on the record before us, to be supported primarily by an erroneous assumption that actual earnings at the time of the award would control the issue. Absence of a cross appeal on this issue does not preclude appellee's reliance on the record in this respect to sustain the compensation award. I would affirm.
NOTES
[1] No question is raised with respect to any potential impact of the final sentence of § 440.25(3)(b), Fla. Stat., as amended by § 8, Chapter 78-300, Laws of Florida.