395 So.2d 268 (1981)
ARDMORE FARMS, INC., Associated Industries of Florida, and Risk Management Services, Inc., Appellants,
v.
Charlene R. SQUIRES, Appellee.
No. WW-169.
District Court of Appeal of Florida, First District.
March 13, 1981.
*269 Keith A. Mann and Joseph E. Smith of Miller & Cooper, Orlando; and Mary Ann Stiles, Tallahassee, for appellants.
David A. Vukelja of Coble, McKinnon, Rothert, Bohner, Barkin & Godbee, Daytona Beach, for appellee.
SMITH, Judge.
This is an appeal of a workers' compensation order in which the deputy commissioner found that claimant had not yet reached maximum medical improvement and ordered the employer to pay temporary total disability for as long as she remains temporarily totally disabled. We have determined that the deputy commissioner erred in finding that claimant had not yet reached MMI and reverse.
Claimant suffered a work related back injury on September 11, 1979, when she slipped on wet steps and fell. Dr. Huster saw claimant on several occasions and as of October 15, 1979, he said claimant could return to work with a fifteen pound lifting limitation. On returning to work, claimant was only able to work for two days. After this effort, Dr. Huster saw claimant again, and although he reported he was not sure she would be able to return to any heavy lifting in the future, he was of the opinion she had reached MMI on November 29, 1979, with a 5% permanent partial disability of the body as a whole.
*270 The only record medical opinion as to MMI is that of Dr. Huster. In opposition to that opinion are the statements of claimant that in her estimation her condition has not improved since the accident and she is unable to return to work due to pain in her neck, lower back, arms, and legs. Claimant's testimony regarding her inability to work may be helpful in establishing that she has suffered a loss of wage earning capacity. However, we view the question whether a claimant has reached MMI, i.e., the point after which lasting improvement is not anticipated and the point at which temporary disability ends and permanent disability begins, as essentially a medical question, the most persuasive evidence of which is expert testimony. A claimant's testimony may be considered on the question, but it cannot replace the treating physician's expert opinion as to when temporary disability ends and permanent disability begins. Ocala Jai-Ali, Inc. v. Johnson, IRC Order 2-3783 (April 24, 1979); Sunland Training Center v. Hicks, IRC Order 2-3443 (May 25, 1978) cert. denied 368 So.2d 1368 (Fla. 1979); see also Beasley & Son, Inc. v. Norris, 379 So.2d 1316 (Fla. 1st DCA 1980).
The question of when a claimant reaches MMI should not be confused with the question of a claimant's ability to return to work in some capacity, which is a mixed question involving both medical evidence and claimant's own testimony. On this issue the deputy commissioner may disregard expert opinion. See Crowell v. Messana, 180 So.2d 329 (Fla. 1965) and cases cited therein; Plantation Construction Co. v. Ayers, 385 So.2d 1138 (Fla. 1st DCA 1980) citing Magic City Bottle & Supply Co. v. Robinson, 116 So.2d 240 (Fla. 1959).
Implicit in the deputy's finding that claimant was entitled to compensation for temporary total disability was the finding that she was unable to work. See Walter Glades Condominium v. Morris, 393 So.2d 664 (Fla. 1st DCA 1981). Although the deputy commissioner was incorrect in finding claimant had not yet reached MMI, the record supports the finding she is unable to work for the period subsequent to MMI, and this opinion should not be read as precluding a finding that claimant is entitled to wage loss benefits subsequent to the date of MMI. In this case, however, the claim for wage loss benefits for the period from January until April, 1980, received by the employer's servicing agent on May 2, 1980, was not ripe for adjudication at the May 14, 1980, hearing which resulted in the order appealed.[1] Therefore, the finding that claimant has not yet reached MMI is set aside and the case is remanded with directions to hold a hearing on the claim for permanent wage loss benefits, including in that determination the period in December, 1979, regarding which some wage loss benefits have been paid.
On cross appeal it is argued that it was error to hold claimant responsible for her own attorney's fees. It is argued that under Section 440.34(2)(c), Florida Statutes (1979), claimant is entitled to an award of attorney's fees because she prevailed on the issue of entitlement to additional benefits. Even if the basis for the TTD award had not been reversed, claimant would not be entitled to an award of attorney's fees under Section 440.34(2)(c), Florida Statutes (1979). That section provides for recovery of attorney's fees: "[i]n a proceeding where a carrier or employer denies that an injury occurred for which compensation benefits are payable, and the claimant prevails on the issue of compensability." The employer in this case did not deny that an injury occurred for which compensation benefits are payable; in fact, benefits for temporary *271 total disability had been paid from September 14, 1979, to October 14, 1979, and from October 19, 1979, to October 29, 1979, and upon claim being filed on January 31, 1980, some wage loss benefits were paid covering the period from November 29, 1979, to December 31, 1979.
We find no merit in the second point urged on cross appeal regarding the amount of attorney's fees awarded. The order is affirmed insofar as it relates to attorney's fees.
REVERSED and REMANDED in part and AFFIRMED in part.
McCORD, J., and LILES, WOODIE, A., Associate Judge (Ret.), concur.
NOTES
[1] The employer/servicing agent had responded to the first claim for wage loss benefits, dated January 31, 1980, and received February 5, 1980, by paying some wage loss benefits for the period from November 29, 1979, to December 31, 1979. At the pre-trial hearing, the employer indicated its intention to defend on the grounds all benefits had been paid and no further requests for wage loss benefits had been received. A second request for wage loss benefits was received by the servicing agent on May 2, 1980. Since the final hearing was held on May 14, 1980, the employer/servicing agent had not yet had a full opportunity to respond to the claim. See Section 440.20(4), (6), (7), Florida Statutes (1979).