PER CURIAM.
The claimant injured his back in 1977 while employed as a grove caretaker and equipment operator with Coca-Cola Company-Foods Division. An anatomical disability was timely accepted and the sole issue before the Deputy Commissioner was the claimant’s entitlement to additional benefits based upon wage earning capacity loss. The issue presented for our consideration is whether the record supports a 15% wage earning capacity loss.
The order itself gives little insight into the basis for the award. The claimant is a 30-year-old male with a GED and a work history of industrial labor, grove work, truck and heavy equipment driving. After surgery, occasioned by his injury, he returned to his job with Coca-Cola and continued his employment until he was discharged for reasons unrelated to his injury. When discharged he was earning twenty-five cents per hour more than he was receiving at the time of his injury. After a brief job search he found similar employment with ABC Fruit Company, and within a few months he was earning $3.70 per hour as opposed to the $3.15 per hour he was making at the time of his injury. In addition to wages, ABC furnishes him with a house for the nominal sum of $5.00 per week. The appellee argues that his increased earnings are not necessarily reflective of whether he has suffered a wage earning capacity loss. We agree that in measuring such loss no single factor is conclusive. Walker v. Electronic Products & Engineering Co., 248 So.2d 161 (Fla.1971). The claim must be evaluated in light of the total evidence bearing upon wage earning capacity diminution. Walker, supra, sets *1295 forth the more germane factors to be considered. When the claimant’s proof is measured in light of Walker we find that a loss of wage earning capacity is not supported by competent substantial evidence.
The order is therefore reversed, and the claim is dismissed.
MILLS, C. J., and SHAW and JOANOS, JJ., concur.