SHAW, Judge.
The appellant/cross-appellee, City of Miami, having voluntarily dismissed its appeal, the claimant’s cross-appeal presents for our consideration the Deputy Commissioner’s denial of temporary partial disability benefits.
Claimant, while employed by the City of Miami as a police officer, received a com-pensable head injury. His pre-injury earnings approximated $1,590.00 a month. After being injured, he worked one week as a truck driver earning $175.00, but he was fired when the employer became aware that he was under medical treatment. In January of 1979, he worked for about a month *565 selling cars for Cabriolet Porsche and earned approximately $1,500.00 before being laid off. He earned another $2,000.00 with Cabriolet Porsche working the Christmas rush, but he was laid off after the Christmas season. He then began buying, repairing and selling used cars on his own, earning from $1,600.00 to $2,000.00. Between March 1,1980 and March 27,1980, he returned to work for Cabriolet Porsche and sold two cars for which he has not yet received a commission.
Walker v. Electronic Products & Engineering Company, 248 So.2d 161 (Fla. 1971), teaches us that wages actually being earned after injury is a factor entitled to great weight. It logically follows that post-injury earnings equal to pre-injury earnings are the strongest evidence of non-impairment of wage earning capacity. Such earnings are, however, only one of several factors to be considered in determining whether a claimant has suffered a diminution of his wage earning capacity.
The claimant was born in Havana, Cuba. He came to this country at the age of 13 years, finished Miami Springs Senior High and has completed at least two years at the University of Miami. His only full-time job, prior to his employment with the City of Miami, was that of a collector and repossessor of cars for a small loan company. His injury has left him with a 10% to 15% psychiatric disability. He is no longer suited for police work. There is unrebutted evidence of constant pain and a massive consumption of drugs. (Fiorinal six times a day, Quaaludes three times a day, Mellaril three times a day, Tofranol four times a day, and Tagamet with every meal). Prospective employers have expressed a reluctance to hire him once they are made aware of his daily drug intake.
The Deputy Commissioner placed undue emphasis upon post-injury earnings to the exclusion of other relevant factors reflecting upon wage earning capacity loss. See Walker, supra. The conclusion that the claimant in this instance has suffered no diminution of his wage earning capacity is not supported by competent substantial evidence that accords with reason.
On May 10, 1979, claimant’s doctor reported that the claimant was able to work other than as a policeman, and the deputy correctly held that the claimant’s temporary total disability ended on that date, replaced by temporary partial disability. The record indicates a loss of wage earning capacity between the dates of May 10, 1979 and March 27, 1980, the hearing date, and we remand for determination of temporary partial disability benefits due to the claimant subsequent to May 10, 1979.
REVERSED and REMANDED.
BOOTH and WENTWORTH, JJ., concur.