411 So.2d 1031 (1982)
GILBARCO, INC. and Insurance Company of North America, Appellants,
v.
Mary LeROUX, Appellee.
No. AD-2.
District Court of Appeal of Florida, First District.
April 1, 1982.
Donna L. Bergh of Walker, Buckmaster, Miller & Ketcham, P.A., Orlando, for appellants.
Edward H. Hurt of Hurt & Parrish, P.A., and Bill McCabe of Shepherd, McCabe & Cooley, Orlando, for appellee.
*1032 MILLS, Judge.
The employer/carrier appeal an order finding that the claimant had not reached maximum medical improvement (MMI) and finding her temporarily totally disabled (TTD) through the date of the hearing and continuing. We reverse.
The claimant was injured in a compensable accident when she slipped and fell. Immediately after the fall she was treated, and on 19 July 1976 she was released to work without impairment. She still complained of pain, which worsened. Psychological treatment began. The original orthopedic surgeon, Tom Stanford, discharged her on 9 March 1977 with a minimal impairment. A second orthopedic surgeon, DeWitt Stanford, found no impairment in April 1977. A neurosurgeon recommended an injection and arthrogram of the knee. The first Stanford resumed treatment, but in April 1978, refused to treat the claimant as a compensation case. She went to a third orthopedic surgeon, Dr. Uricchio, who ultimately operated on the claimant's knee in September 1978. He released her for light work in December and in March 1979 found a 5% impairment. The complaints of pain continued. Uricchio still felt that MMI had been reached in March 1979. In October 1980, Dr. Eckbert, a psychiatrist, also found no reason for the claimant not to work.
The carrier paid TTD benefits from 26 June 1976 through 4 May 1977 and from September 1978 through 13 March 1979 and 5% permanent partial disability (PPD) benefits from 14 March 1979.
None of the medical evidence suggests that the claimant is not fully recovered and is not capable of resuming work. Nonetheless, based on the claimant's continued pain, to which she testified, and which the deputy commissioner observed, the deputy commissioner found that the claimant had not reached MMI. This finding was error. While certain medical conditions are observable by laymen and questions on those conditions answerable by a deputy commissioner based on his observations, Decks Inc. v. Wright, 389 So.2d 1074 (Fla. 1st DCA 1980), we are of the opinion that the instant case does not involve such conditions.
Accordingly, the order is reversed because it is not based on competent substantial evidence, Ardmore Farms Inc. v. Squires, 395 So.2d 268 (Fla. 1st DCA 1981); Scotty's Inc. v. Jones, 393 So.2d 657 (Fla. 1st DCA 1981). The case is remanded to the deputy commissioner with instructions to make a determination of the claimant's entitlement to PPD due to lost-wage earning capacity, if any, based on the current record.
WENTWORTH and THOMPSON, JJ., concur.