451 So.2d 529 (1984)
David P. MAGGARD, Appellant,
v.
SIMPSON MOTORS, and South Carolina Insurance Company, c/o Crawford and Company, Appellees.
No. AU-55.
District Court of Appeal of Florida, First District.
June 12, 1984.
Thomas R. Mooney and Sherry L. Davis of Meyers & Mooney, P.A., Orlando, for appellant.
Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for appellees.
MILLS, Judge.
Maggard appeals from an order of the deputy commissioner denying his claim for wage loss benefits. We affirm.
At the hearing on Maggard's claim, the deputy commissioner received into evidence the deposition of Dr. Frank Field, a boardcertified orthopedic surgeon, who began treating Maggard in October 1981. On the issue of whether Maggard had sustained any permanent physical impairment, Dr. Field offered the following opinion:
A. He came in  I thought he reached MMI on 4/14/82. I gave him a five-percent impairment and again I can't, I can't use the AMA guide on that. It's just his chronic pain. It was my assumption that he had aggravated some pre-existing degenerative changes in the middorsal. I gave him a five-percent impairment.
Q. Based on subjective complaints?

*530 A. Yes.
The deputy commissioner denied the claim, finding that Maggard had conducted an inadequate work search and that he had no permanent physical impairment rating in accordance with the AMA Guides to the Evaluation of Permanent Impairment.
On appeal, Maggard concedes that his job search was inadequate, but contends that the testimony of Dr. Field was sufficient to show that he had sustained a permanent physical impairment cognizable under the provisions of Chapter 440. We disagree.
Although we have held that medical testimony on the issue of permanent impairment need not necessarily be based on the AMA Guides, Trindade v. Abbey Road Beef 'N Booze, 443 So.2d 1007 (Fla. 1st DCA 1983), we have not gone so far as to approve a permanent impairment rating based on the claimant's subjective complaints of chronic pain. We now hold that the existence and degree of permanent physical impairment must be proved by testimony based on the AMA Guides, unless such impairment cannot reasonably be determined under the criteria utilized in the Guides. In such cases, permanent impairment may be proved by testimony based on the Manual for Evaluation of Permanent Physical Impairment of the American Academy of Orthopaedic Surgeons, as authorized by Rule 38F-3.175, Florida Administrative Code, or by testimony based on "other generally accepted medical criteria for determining impairment." Trindade, supra, at 1012.
AFFIRMED.
SHIVERS and WIGGINTON, JJ., concur.