PER CURIAM.
This cause is before us on appeal and cross appeal of a workers’ compensation order denying permanent total disability (PTD) benefits, awarding 65 percent permanent partial disability (PPD) benefits, and finding that claimant performed an inadequate job search.
We reverse the deputy’s award of 65 percent PPD and remand for a hearing regarding claimant’s diminution of wage-earning capacity.
Claimant, a 53-year-old male with a ninth grade education, injured his low back and right leg on November 28, 1977, while working as a foreman in construction.
Claimant underwent extensive medical care and several surgeries to his low back. Ultimately, Dr. Gelety, a neurosurgeon who had previously performed surgery on claimant, implanted a pisces unit into claimant’s spine to control pain and numbness in claimant’s right leg.
Claimant testified that on some days he cannot function; that it takes him an hour to walk around a block because he must stop and rest; that he can lean against something for approximately 15 minutes; that he tries not to bend or raise his arms too far due to the wires in his back; that he can carry small grocery items; and that he drives no more than three or four blocks from his home because of problems with his right leg.
George Soulary, a vocational rehabilitation counselor who saw claimant for the first time one week prior to the hearing, opined that claimant could work part-time as a condominium security guard and that these positions are always available.
Dr. Gelety stated that claimant reached maximum medical improvement on February 13, 1985, with a 50 percent permanent partial impairment of the body as a whole based on the AMA Guides. It was Dr. Gelety’s opinion that claimant was “probably ineligible for gainful employment unless he can be rehabilitated within the limits of his physical and anatomic disabilities.”
Dr. Sidney Cole, an orthopedic surgeon, saw claimant on one occasion and assigned claimant a 15 percent permanent partial impairment of the body as a whole. Dr. Cole restricted claimant from performing heavy manual labor, from lifting more than ten to fifteen pounds, from prolonged bending, stooping, jumping, running, climbing, crawling, reaching above the shoulder level, and from pushing and pulling. Dr. Cole felt claimant could sit, but after a few hours, he might have to get up and stretch. Dr. Cole stated that he had never implanted a pisces unit, and he was unaware of any restrictions that might accompany such a procedure.
Although there is ample evidence to support the conclusion that claimant’s PPD exceeds the anatomical rating of 50 percent, there is insufficient evidence to support a rating of 65 percent PPD. Some of the criteria to be considered, which are set forth in Walker v. Electronic Products and Engineering, 248 So.2d 161, 163 (Fla.1971),[1] have not properly been considered. *673 Particularly, wages earned after the injury (which are entitled to great weight) have not been demonstrated. Claimant has held no jobs, and there has been no showing of how much claimant would earn at the security jobs which the deputy found to be available.
Accordingly, we remand for a hearing to determine claimant’s diminution of wage-earning capacity.
BOOTH, C.J., and MILLS and WENT-WORTH, JJ., concur.

. The following citeria are listed in Walker v. Electronic Products and Engineering, 248 So.2d 161 (Fla.1971): (1) extent of actual physical impairment; (2) claimant’s age; (3) industrial history; (4) education of claimant; (5) inability to obtain work of a type which claimant can *673 perform in light of his after-injury condition; (6) wages actually being earned after the injury (a factor entitled to great weight); (7) claimant’s ability to compete in the open labor market the remainder of his life, including the burden of pain or inability to perform the required labor; and (8) claimant’s continued employment in the same employ.