537 So.2d 667 (1989)
SHOP & GO, INC. and Gab Business Services, Appellants,
v.
Naomi J. HART, Appellee.
No. 87-2083.
District Court of Appeal of Florida, First District.
January 18, 1989.
David J. Williams, of Lane, Trohn, Clarke, Bertrand & Williams, Lakeland, for appellants.
L. Mark Kaylor, of Kaylor & Kaylor, Winter Haven, and Bill McCabe, of Shepherd, McCabe & Cooley, Longwood, for appellee.
SHIVERS, Judge.
The employer/carrier (E/C) in this workers' compensation case appeal an order entered by the deputy commissioner (DC) and raise three arguments: (1) that the DC's finding of permanent impairment was not supported by competent substantial evidence; (2) that the DC's finding of date of maximum medical improvement (MMI) was not supported by competent substantial evidence; and (3) that the DC erred in ordering an orthopedic evaluation of the claimant. We affirm in part, reverse, and remand.
Following the industrial accident in this case, the claimant was examined by three different physicians  Dr. Sharpe (her treating physician), and Drs. Arey and Carifi (general surgeons to whom the claimant was referred by Dr. Sharpe). Of these three physicians, Dr. Sharpe alone was of *668 the opinion that the claimant had sustained a permanent impairment. According to Sharpe, however, the American Medical Association's Guides to the Evaluation of Permanent Impairment did not cover the claimant's particular medical problems, and his opinions regarding permanent impairment were based on experience and on his treatment of the claimant.
We find Sharpe's testimony to constitute competent substantial evidence to support the DC's finding of permanency. This court has repeatedly held that where the AMA Guides do not adequately address impairment, as in the instant case, the DC may properly rely on "a physician's qualified expert opinion, which utilizes experience in treating a claimant, and that such an opinion will suffice without reliance on a medical manual or guide." Patterson v. Wellcraft Marine, 509 So.2d 1195 at 1197 (Fla. 1st DCA 1987); United General Construction v. Cason, 479 So.2d 833 (Fla. 1st DCA 1985); Martin County School Board v. McDaniel, 465 So.2d 1235 (Fla. 1st DCA 1985). Cf. Maggard v. Simpson Motors, 451 So.2d 529 (Fla. 1st DCA 1984). As in Martin County School Board v. McDaniel, supra, the treating physician in the instant case monitored the claimant's complaints for an extended period of time (two and one half years) and his records indicate an evaluation of the pattern of claimant's subjective symptoms, a program of medication, and testing as a foundation for his opinion of permanent impairment. In Maggard, supra (in which the DC's finding of no permanent impairment was affirmed), the claimant's treating physician's opinion of permanency was based solely on the claimant's complaints of chronic pain, from which the physician assumed that the claimant had aggravated a preexisting back condition.
We find it necessary to reverse the DC's finding regarding MMI. Despite Dr. Sharpe's testimony that MMI was reached on March 12, 1986, and Dr. Carifi's testimony that it was reached at some point between February 19, 1985 and June 4, 1985, the DC found the claimant to have reached MMI on February 5, 1987, stating:
In making my finding as to this date of maximum medical improvement, it was necessary that I consider my personal view and observation of the Employee. Any conflict with this finding as compared to the medical testimony has been resolved by me on the basis of the testimony of the Employee and my observations of her. Magic City Bottle & Supply, Co. v. Robinson, 116 So.2d 240 (Florida 1959); Hernandez v. DeCarlo, 116 So.2d 420 (Florida 1959); Star Fruit Company v. Canady, 159 Florida 488, 32 So.2d 2 (1947); and Crowell v. Messana Contractors, 180 So.2d 329 (Florida 1965).
As this court held in Ardmore Farms, Inc. v. Squires, 395 So.2d 268 (Fla. 1st DCA 1981), the question of whether a claimant has reached MMI is essentially a medical question and, although a claimant's testimony may be considered on the question, it may not replace a treating physician's expert opinion. See also Sanlando Utility Corp. v. Morris, 418 So.2d 389 (Fla. 1st DCA 1982); Gilbarco, Inc. v. LeRoux, 411 So.2d 1031 (Fla. 1st DCA 1982). The question of when a claimant reaches MMI must not be confused with the question of when a claimant is able to return to work in some capacity, which is a mixed question involving both medical evidence and the claimant's own testimony. Ardmore Farms, supra. We thus find that the DC erred in accepting claimant's testimony over that of Drs. Sharpe and Carifi on the issue of MMI, and remand for a redetermination of MMI based on the medical evidence.
We also reverse the DC's authorization of Dr. Sharpe to "refer this patient to any specialist he deems appropriate in treating the Employee," inasmuch as it may refer to remedial treatment. Remedial treatment may not be awarded after the date the claimant reaches MMI. Sanlando Utility Corp., supra; Lake County Commissioners v. Walburn, 409 So.2d 153 (Fla. 1st DCA 1982); Killebrew Manufacturing Co. v. Dawson, 401 So.2d 876 (Fla. 1st DCA 1981).
*669 Accordingly, we affirm in part, reverse, and remand.
BOOTH and THOMPSON, JJ., concur.