386 So.2d 865 (1980)
JEFFERSON STORES, INC., Appellant,
v.
Irving ROSENFELD, Appellee.
No. RR-84.
District Court of Appeal of Florida, First District.
August 14, 1980.
Mark A. Seff, of Fuller & Feingold, Miami Beach, for appellant.
Harold R. Cohen and Israel Abrams, P.A., North Miami Beach, of Abrams & Suskin, North Miami Beach, for appellee.
WENTWORTH, Judge.
The employer appeals a worker's compensation order, which we affirm, and by which the claimant was found to be permanently partially disabled and awarded appropriate benefits. At the hearing on the claim, several doctors testified: claimant's treating physician opined a five to ten percent permanent partial impairment; an examining physician opined a seven and one-half percent permanent partial impairment; and an examining chiropractor opined a ten to fifteen percent permanent partial impairment. The order appealed recites these opinions and finds that the claimant sustained a fifteen percent permanent partial impairment, noting that the chiropractor's testimony was "thorough and convincing opinion ... and evaluation... ." Appellant asserts that the order does not adequately explain the reasons for accepting the chiropractor's testimony rather than that of the other doctors.
It is the deputy's function to determine credibility and resolve conflicts in the evidence, Grillo v. Big "B" Ranch, 328 So.2d 429 (Fla. 1976), and he may accept the testimony of one physician over that of several others, Crowell v. Messana, 180 So.2d 329 (Fla. 1965). The deputy "need make only such findings of ultimate material facts upon which he relies, as are sufficient justification to show the basis of an award... ." Pierce v. Piper Aircraft *866 Corp., 279 So.2d 281 (Fla. 1973); see also, Vargas v. Americana of Bal Harbour, 345 So.2d 1052 (Fla. 1976). He need not explain precisely why he accepts the testimony of one witness and rejects that of another as long as it does not appear that he ignored or overlooked contrary testimony. Buro v. Dino's Southland Meats, 354 So.2d 874 (Fla. 1978).
In the present case, it is clear that the deputy did not overlook the contrary medical opinions. Although he accepted the opinion of an examining physician who had seen the claimant only once, rather than that of the treating physician, Buro clarifies Pierce and Vargas and indicates that the circumstances of this given case do not require any greater explanation than that which was given.
The order appealed is AFFIRMED.
MILLS, C.J., and McCORD, J., concur.