527 So.2d 270 (1988)
Eugene C. SOUTH, Appellant,
v.
HEARTLAND EMPLOYMENT & TRAINING ADMINISTRATION and Peninsular Fire Insurance Company, Appellees.
No. BT-255.
District Court of Appeal of Florida, First District.
June 10, 1988.
Rehearing Denied July 12, 1988.
*271 Bill McCabe, of Shepherd, McCabe & Cooley, Orlando; and Donna L. Schnorr, of Bruce L. Scheiner & Associates, Ft. Myers, for appellant.
Kathleen R. Hudson, St. Petersburg, for appellees.
WIGGINTON, Judge.
The issue before this Court is whether the deputy commissioner erred in denying a claim for compensation benefits on the basis that the claimant was not in need of nor entitled to further psychiatric treatment, either palliative or remedial, from Dr. Than after March 7, 1986, as a result of his industrial accident of March 23, 1983. In his order, the deputy specifically rejected the evidence from claimant and from Dr. Than, and all other evidence contrary to the testimony of examining psychiatrists Doctors Keown and Buchholz. We reverse.
Claimant was injured on March 23, 1983, when, while loading railroad ties, he lost his balance and dropped an 800-pound railroad truss that pinned him on the left side of his head, neck, left shoulder, and left arm. Following approximately two years of treatment and physical therapy, during which the physicians could find little organic reason for claimant's continuing pain and inability to use his left arm, an order was entered on March 7, 1985, approving a lump-sum settlement petition discharging the employer/carrier's liability for future payments of benefits other than medical expenses. In the petition, the parties agreed that claimant sustained some psychological injuries, the extent of which was disputed, and that he would receive palliative care from Dr. Than for one year from entry of the order approving the settlement. The petition for settlement reflected that claimant reached MMI psychiatrically on August 24, 1984, and that total MMI was reached on August 28, 1984.
Claimant first began treatment with Dr. Than on May 1, 1984. He was also seen at the employer/carrier's behest by Dr. Buchholz, a psychiatrist, on August 28, 1984, and again on May 30, 1986. A third psychiatrist, Dr. Keown, examined claimant on January 7, 1985. The evidence before the deputy consisted of the depositions of Doctors Than, Buchholz, and Keown. Consequently, this Court's vantage point is not inferior to that of the deputy in interpreting the medical evidence. McCabe v. Bechtel Power Corp., 510 So.2d 1056 (Fla. 1st DCA 1987).
It was revealed in the three depositions of Dr. Than that claimant had been improving functionally, his alcohol consumption  which had sharply increased shortly after the accident  ceased, and his overall personal hygiene, neglected after the accident, had significantly improved. It was Dr. Than's opinion that he would need to see claimant approximately three times a month for the next one and one-half to two years during which period he believed he could return claimant to a point where he could function at a job free of conflicts. Thereafter, Dr. Than indicated claimant would need to be seen about every four to six weeks, if needed, with some medication. Dr. Than observed that without further treatment, he did not know if claimant would ever return to a productive capacity.
To the contrary, it was the opinions of Doctors Buchholz and Keown that claimant would not benefit from further psychiatric care. However, on cross-examination, Dr. Buchholz indicated that since Dr. Than had been treating claimant for several years on a bimonthly basis, Dr. Than would be in the best position to determine whether claimant was receiving benefit from the psychiatric *272 therapy. Similarly, Dr. Keown indicated that if claimant felt he was benefiting from Dr. Than's treatment, and if claimant had stopped drinking and was more functional, then he would benefit from further treatment by Dr. Than. He also testified that elimination of depression would make the injured limb more functional, which opinion was consistent with Dr. Than's that claimant's depression increased certain chemicals produced by the body that cause pain symptoms. Significant, though, was Dr. Keown's admission that he could not really comment on claimant's condition at the present time since it had been almost two years since he had last seen him.
Finally, claimant testified before the deputy that while being treated by Dr. Than, his ability to use his arm was greatly increased, he stopped drinking, and that he wishes to continue seeing Dr. Than. Claimant's testimony was corroborated by his wife's who testified that ever since claimant had been under the care of Dr. Than, his entire attitude had changed as well as his ability to use his arm.
Despite the foregoing, as noted earlier, the deputy rejected the testimony of claimant and Dr. Than and all other evidence contrary to the testimony of Doctors Keown and Buchholz. Recently, in Curry v. Miami Dolphins, Ltd., 522 So.2d 1010 (Fla. 1st DCA 1988), this Court recognized that although a deputy commissioner generally need not explain when he accepts the testimony of one doctor and rejects that of another, a deputy's discretion in this area is not unbridled and the failure to state reasons for accepting one doctor's opinion over others is error where "(1) the reason for the finding in the order is not apparent from the record, or (2) it appears that the deputy commissioner has overlooked or ignored evidence in the record." Id. at 1011.
As in Curry, it is obvious here that the deputy did not overlook or ignore Dr. Than's deposition testimony, but it is not apparent from the record why the deputy accepted the testimony of Doctors Keown and Buchholz over that of Dr. Than when both Doctors Keown and Buchholz admitted either that they would defer to Dr. Than's opinion or that if claimant was benefiting from Dr. Than's treatment, that treatment should continue, despite their own personal opinions that psychiatric treatment was no longer necessary. It is also significant that Dr. Than had been treating claimant for two years whereas Dr. Keown had only seen claimant one time and Dr. Buchholz, only twice. Moreover, Dr. Keown admitted that he could not comment on claimant's condition since it had been almost two years since he had last examined claimant. Finally, there is nothing in the record to indicate that Doctors Keown and Buchholz were more qualified than Dr. Than. For the above reasons, it is necessary for the deputy to explain in his order why he accepted the testimony of Doctors Keown and Buchholz over that of Dr. Than and for that reason we reverse the order and remand the cause for further proceedings to allow the deputy either to clarify his position or, alternatively, to reconsider his order and grant the claim for further psychiatric care.
REVERSED and REMANDED for further proceedings consistent with this opinion.
MILLS and SHIVERS, JJ., concur.