547 So.2d 1269 (1989)
YEARGIN CONSTRUCTION CO. and Aetna Life & Casualty Co., Appellants,
v.
Ilona HUTCHINSON, Appellee.
No. 88-2499.
District Court of Appeal of Florida, First District.
August 24, 1989.
*1270 Michael Broussard of DeCiccio & Broussard, P.A., Orlando, for appellants.
David M. Hammond, P.A., Orlando, for appellee.
NIMMONS, Judge.
The employer/carrier appeal from a final order of the deputy commissioner awarding claimant temporary total disability (TTD) and wage loss benefits. We reverse.
Claimant suffered an injury due to an industrial accident in January 1986. She was first seen by Dr. Evans, an orthopedic surgeon, the following month. Dr. Evans performed an extensive battery of tests, none of which indicated any abnormality. It was Dr. Evans' opinion that claimant reached maximum medical improvement (MMI) on May 16, 1986, the date of his last visit with claimant, and that claimant had not suffered a permanent impairment as a result of the industrial accident.
On August 7, 1987, over a year after being released from Dr. Evans' care, claimant saw Dr. Moroff, a chiropractor. Dr. Moroff indicated that the claimant had probably reached MMI before August 7, 1987, and that the claimant had suffered a six percent permanent impairment to the body as a whole as a direct result of the industrial accident. It was Dr. Moroff's opinion that claimant was temporarily and totally disabled from the date of her accident until the date of his first examination on August 7, 1987, and that he would not have placed her on any type of work activity for that period of time.
Claimant subsequently saw Dr. Uricchio, an orthopedic surgeon, in February 1988. Dr. Uricchio could not identify any permanent physical impairment resulting from the industrial accident and believed that claimant had reached MMI by the time he saw her. Dr. Uricchio indicated that there was no orthopedic reason to suggest any job restrictions, and considered claimant to be capable of all work and social activities commonly associated with females of her age and body type.
On April 20, 1988, claimant filed a claim for benefits for temporary total, temporary partial and/or wage loss benefits from May 16, 1986 and continuing. Prior to the hearing on this claim, an independent medical examination was conducted by Dr. Schwab, an orthopedic surgeon. Dr. Schwab essentially agreed with the findings of Doctors Evans and Uricchio and opined that claimant had not suffered any permanent impairment from her industrial accident of January 13, 1986.
At the hearing held August 5, 1988, all expert witness testimony was presented by way of deposition.[1] Relying on the testimony of Dr. Moroff and the claimant, the deputy awarded claimant TTD benefits from May 16, 1986 to August 7, 1987, and wage loss benefits from August 7, 1987 to June 30, 1988. The deputy continually acknowledged in his order that Dr. Moroff's opinions were in direct conflict with the concurring opinions of Doctors Evans, Uricchio, *1271 and Schwab, but specifically stated that he chose to reject these opinions and accept the opinions of Dr. Moroff pursuant to his "discretionary role as the finder of fact."
The issue before us is whether the deputy erred in accepting the testimony of Dr. Moroff over the testimony of the other physicians without setting forth in his order his reasons for doing so. We believe the deputy did so err. It is well established that in the determination of claims for workers' compensation, it is the deputy's function to determine credibility and resolve conflicts in the evidence, and he may accept the testimony of one physician over that of several others. Jefferson Stores, Inc. v. Rosenfeld, 386 So.2d 865 (Fla. 1st DCA 1980); S and S Stove Repair, Inc. v. Dumas, 465 So.2d 644 (Fla. 1st DCA 1985). Moreover, a deputy generally need not explain when he accepts the testimony of one doctor and rejects the testimony of another. Buro v. Dino's Southland Meats, 354 So.2d 874 (Fla. 1978). However, a deputy's discretion in this area is not unbridled. A deputy must state reasons for accepting one doctor's opinion over others when: (1) the reason for the finding in the order is not apparent from the record; or (2) it appears that the deputy commissioner has overlooked or ignored evidence in the record. Curry v. Miami Dolphins, Ltd., 522 So.2d 1010 (Fla. 1st DCA 1988); South v. Heartland Employment & Training Administration, 527 So.2d 270 (Fla. 1st DCA 1988); Allied Parcel Delivery v. Dixon, 466 So.2d 439 (Fla. 1st DCA 1985); Poorman v. Muncy & Bartle Painting, 433 So.2d 1371 (Fla. 1st DCA 1983); Rouse v. Wyldwood Tropical Nursery, 392 So.2d 370 (Fla. 1st DCA 1981).
It is obvious from the deputy's order that he did not overlook or ignore the deposition testimony of Doctors Evans, Uricchio and Schwab. However, it is not apparent from the record why the deputy accepted Dr. Moroff's testimony over the testimony of the other physicians. The order in this case is therefore deficient in failing to articulate the deputy's reasons for accepting Dr. Moroff's testimony over the testimony of the other physicians. Because the deputy's awards of TTD and wage loss are primarily based on Dr. Moroff's testimony, the order must be reversed and the case remanded for further proceedings to allow the deputy to explicate his reasons for accepting Dr. Moroff's testimony.
REVERSED and REMANDED.
WENTWORTH and MINER, JJ., concur.
NOTES
[1] When the medical evidence is presented by deposition, it has been held that "the vantage point of this court is not inferior to that of the deputy commissioner in interpreting deposition evidence... ." McCabe v. Bechtel Power Corp., 510 So.2d 1056 (Fla. 1st DCA 1987).