582 So.2d 780 (1991)
H & A FRANK'S CONSTRUCTION, INC. and CNA Ins. Co., Appellants,
v.
Antonia MENDOZA, Appellee.
No. 90-3013.
District Court of Appeal of Florida, First District.
July 17, 1991.
*781 Daniel J. DeMay of Adams, Coogler, Watson & Merkel, West Palm Beach; and Marjorie Gadarian Graham, West Palm Beach, for appellants.
Jorge Lagarga of Wagner, Nugent, Johnson, Roth, Romano, Eriksen & Kupfer, West Palm Beach, for appellee.
KAHN, Judge.
The employer/carrier appeal from a final order of the Judge of Compensation Claims (JCC) awarding claimant temporary total disability (TTD). The issue before us is whether the JCC erred in accepting the deposition testimony of chiropractor Dr. Dexter DiMarco over the deposition testimony of Dr. Argentina Brito, claimant's general physician; Dr. Jeffrey Katzell, the orthopedic surgeon to whom her attorney referred claimant; Dr. Raymond Tronzo, the orthopedic surgeon whom employer/carrier provided when claimant wanted a second opinion; and chiropractor Joseph Pollak, who performed an independent medical examination on claimant. We hold that on the state of this record the JCC erred in accepting the testimony of Dr. DiMarco over the other doctors based on Yeargin Construction Co. v. Hutchinson, 547 So.2d 1269 (Fla. 1st DCA 1989). In Yeargin, this court held that the JCC erred in accepting the testimony of a chiropractor over that of three orthopedic surgeons without articulating the reasons for doing so in his order where the reasons were not apparent from the record.
A JCC has the discretion to determine credibility, resolve conflicts in evidence, and accept the testimony of one physician over that of several others. Id.; S and S Stove Repair, Inc. v. Dumas, 465 So.2d 644 (Fla. 1st DCA 1985); Jefferson Stores, Inc. v. Rosenfeld, 386 So.2d 865 (Fla. 1st DCA 1980). His discretion, however, is not unbridled. Although a JCC generally does not need to explain when he accepts the testimony of one doctor and rejects the testimony of another, he must state his reasons when: (1) the reason for the finding in the order is not apparent from the record; or (2) it appears that the JCC has overlooked or ignored evidence in the record. Buro v. Dino's Southland Meats, 354 So.2d 874 (Fla. 1978); Curry v. Miami Dolphins, Ltd, 522 So.2d 1010 (Fla. 1st DCA 1988); South v. Heartland Employment & Training Administration, 527 So.2d 270 (Fla. 1st DCA 1988).
In the instant case, it is obvious from the order that the JCC did not overlook or ignore the deposition testimony of Dr. Brito, Dr. Katzell, Dr. Tronzo and Dr. Pollak; however, the JCC's reasons for accepting Dr. DiMarco's testimony over that of the other doctors are not apparent from the record. According to the order, the JCC accepted Dr. DiMarco's testimony and rejected the other doctors, based on: (1) the difference in specialities, (2) the length of treatment, and (3) DiMarco's testimony that claimant continued to have physical complaints. The reasons articulated do not logically support the JCC's acceptance of Chiropractor DiMarco's testimony over that of the other doctors.
When the medical evidence is presented by deposition, this court is not in an inferior position to that of the JCC in *782 interpreting deposition evidence. Skip's Shoes and Western Boots v. Green, 578 So.2d 439, 441 (Fla. 1st DCA 1991); Hidden Harbor Boatworks v. Williams, 566 So.2d 595, 596 (Fla. 1st DCA 1990); Thomas v. Salvation Army, 562 So.2d 746, 749 (Fla. 1st DCA 1990); Severini v. Pan American Beauty School, Inc., 557 So.2d 896, 897 (Fla. 1st DCA 1990); McCabe v. Bechtel Power Corp., 510 So.2d 1056 (Fla. 1st DCA 1987); Metropolitan Transit Authority v. Bradshaw, 478 So.2d 115, 116-117 (Fla. 1st DCA 1985).
The JCC did not indicate nor can we glean from the record in what way the doctor's specialty as a chiropractor puts him in a better position than the orthopedic surgeons to diagnose or treat claimant.[1] Moreover, the chiropractor had been licensed only three years while the orthopedic surgeons, the family practitioner and the chiropractor who performed an independent medical examination, all had much more experience. The JCC indicated that "[b]ecause claimant apparently did not have a surgical or major orthopedic problem, the doctors essentially seemed to have no particular interest in treating the claimant." This point is of little relevance. Orthopedists Katzell and Tronzo found nothing wrong with claimant and did not think she needed any treatment. They found she had reached maximum medical improvement with no permanent impairment. Moreover, Dr. Pollak, who is in the same specialty as Dr. DiMarco, found claimant had reached MMI, yet declined to assign an impairment rating at this time.
The length of treatment is likewise not a valid reason for accepting Dr. DiMarco's testimony over the other doctors. On two occasions, claimant ceased using a particular doctor when that doctor indicated she had no impairment and should return to work. Moreover, none of the other doctors found claimant needed additional treatment.
The JCC's last reason for accepting Dr. DiMarco's testimony was Dr. DiMarco's testimony that claimant continued to complain of pain. This reason is likewise without merit. The other doctors testified that they found no objective evidence supporting claimant's complaints.
The JCC's order is deficient based on the JCC's failure to articulate valid reasons for rejecting the testimony of the other four medical doctors in favor of accepting Dr. DiMarco's testimony.[2]See Yeargin Construction Co. v. Hutchinson, supra; Lerman v. Broward County Bo. of County Comm'rs, 555 So.2d 419, 424 (Fla. 1st DCA 1989) (the JCC must "clarify reasons" for accepting one doctor's testimony over that of another where the reasons are not clear from the record). Because the award of TTD is primarily based on Dr. DiMarco's testimony, the order must be reversed and the cause remanded for further proceedings to give the JCC an opportunity to determine whether valid reasons exist to accept Dr. DiMarco's testimony over that of the other four doctors and for further proceedings consistent with this opinion.
BOOTH and NIMMONS, JJ., concur.
NOTES
[1] This is particularly true in light of the diagnosis of Dr. DiMarco indicating 20% disability to the knee and 10% to the back. Nothing in this record suggests that a chiropractic specialist is in a better position to diagnose and treat knees than an orthopedist.
[2] A "reason" under Yeargin should be a statement that logically supports the JCC's decision to reject the majority of the medical testimony in favor of the disparate view of one practitioner. While we may not, in every instance, agree with the reason assigned, we should at the least be able to conclude that the reason finds articulable support in the record, and provides a rational basis for the JCC's conclusion.