BOOTH, Judge.
This cause is before us on appeal of a final order denying compensation benefits. Appellant contends that the judge of compensation claims (JCC) erred in: (1) dismissing the claim for surgery when his reliance on a nontreating physician’s testimony is neither explained nor apparent from the record; (2) finding that claimant had reached maximum medical improvement (MMI) in “May 1988” [sic]; (3) denying the claim for drug and alcohol treatment; and (4) dismissing the claim for payment of outstanding medical bills relating to claimant’» treatment for alcohol abuse.
On March 10, 1986, claimant ruptured a disc as a result of a work-related accident. Disc surgery was performed, and claimant recovered and returned to work as a stucco man.
On July 11, 1988, claimant reinjured his back in a work-related accident. Claimant’s authorized physician, Dr. Hatt, initially treated claimant conservatively but subsequently concluded that claimant required further surgery. Dr. Hatt testified that claimant’s condition was aggravated and made worse by the second accident.
On May 1, 1989, Dr. Lonstein, an orthopedic surgeon, conducted an independent medical examination. Dr. Lonstein testified that claimant reached MMI as of May 2, 1989 and felt that a ten-percent permanent partial impairment was warranted. Dr. Lonstein testified that claimant had not suffered a new injury but merely aggravated his underlying injury.
On June 20, 1989, claimant was referred to Dr. Miller, an orthopedic surgeon. Dr. Miller testified that claimant had not reached MMI, and required further workup and possibly further surgery.
On September 13, 1990, Dr. Boyce conducted a second independent medical examination. Dr. Boyce testified that claimant had reached MMI as of September 13,1990. Boyce felt that claimant’s injuries were related to both the 1986 and the 1988 accidents.
Based upon the foregoing, the JCC found that:
Presently, Dr. Hatt wants to do surgery. At the time of the hearing [claimant] complains of low back pain in the same area as his prior surgery. I accept Dr. Lonstein’s opinion that the claimant reached maximum medical improvement in May of 1988 [sic] with no increased permanent impairment over and above that resulting from his prior accident. I find the claimant’s present problems are related to his prior accident and were not enhanced by the subject workers’ compensation injury.
With regard to the first and second issues, we hold that the order does not adequately state the reasons for the rejection of the medical evidence. As stated in Yeargin Construction Co. v. Hutchinson, 547 So.2d 1269, 1271 (Fla. 1st DCA 1989):
It is well established that in the determination of claims for workers’ compensation, it is the deputy’s function to determine credibility and resolve conflicts in the evidence, and he may accept the testimony of one physician over that of several others.... Moreover, a deputy generally need not explain when he accepts the testimony of one doctor and rejects the *1027 testimony of another.... However, a deputy’s discretion in this area is not unbridled. A deputy must state reasons for accepting one doctor’s opinion over others when: (1) the reason for the finding in the order is not apparent from the record; or (2) it appears that the deputy commissioner has overlooked or ignored evidence in the record, [citations omitted]
While it appears that the JCC did not overlook any evidence, it is unclear why the JCC accepted the testimony of Dr. Lonstein over that of Drs. Hatt and Miller.
Dr. Hatt, claimant’s treating physician, testified that claimant had not reached MMI and needed further surgery. Dr. Miller testified that claimant had not recovered from his 1988 injury, required further work-up, possibly further surgery, and had not reached MMI. Even Dr. Lonstein testified that “if [claimant] continued to be symptomatic and finds his symptoms intolerable that there was a possibility that he could be helped by further surgical procedure; however, further diagnostic tests would be necessary.”
Furthermore, Dr. Lonstein had only seen claimant once. Dr. Hatt had been claimant’s treating physician and Dr. Miller had seen claimant several times. See South v. Heartland Employment & Training Administration, 527 So.2d 270 (Fla. 1st DCA 1988). There is nothing in the record to indicate that Dr. Lonstein was more qualified than Drs. Hatt or Miller. Curry v. Miami Dolphins, Ltd., 522 So.2d 1010 (Fla. 1st DCA 1988). Because the order fails to articulate the reasons for accepting Dr. Lonstein’s opinion over that of the other doctors, we must reverse and remand in order for the JCC to explain his rejection of the opinions of Drs. Hatt and Miller.
With regard to the third and fourth issues, this court has recently precluded recovery for alcohol and drug related expenses as are sought here. Milmir Construction v. Smith, 582 So.2d 52 (Fla. 1st DCA 1991). Therefore, we affirm the JCC’s denial of benefits for past, present, and future alcohol-related expenses.
Accordingly the order is affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
MINER and ALLEN, JJ., concur.