ALLEN, Judge.
The employer/carrier appeal a workers’ compensation order by which the claimant was awarded permanent total disability benefits. The record contains competent substantial evidence to support the award, and the employer/carrier’s assertions of error are without merit. Among other contentions, the employer/carrier argue that the order is deficient because the judge did not explain why he relied on the testimony of one of the vocational rehabilitation experts. But the judge is required to make only those findings of ultimate material fact which are necessary to demonstrate the basis of the ruling, and need not explain precisely why testimony is accepted or rejected as long as it does not appear that contrary testimony was overlooked or ignored. See e.g., Buro v. Dino's Southland Meats, 354 So.2d 874 (Fla.1978); Jefferson Stores, Inc. v. Rosenfeld, 386 So.2d 865 (Fla. 1st DCA 1980). Although the judge did not expressly refer to the testimony presented by each of the other vocational rehabilitation witnesses, the appealed order contains no suggestion that any of the evidence was overlooked or ignored. Nevertheless, the employer/carrier rely on cases such as Rouse v. Wyldwood Tropical Nursery, 392 So.2d 370 (Fla. 1st DCA 1981), in which this court indicated that it may sometimes be necessary for the judge to explain why essential medical testimony is rejected if the reason is not apparent from the record. Subsequent decisions appear to have entrenched the applicability of this rule with regard to conflicting medical opinions. See e.g., Yeargin Const. Co. v. Hutchinson, 547 So.2d 1269 (Fla. 1st DCA 1989). However, there are many instances in which the testimony of a medical doctor is essential to a claim, whereas the testimony of other experts and ordinary witnesses is not of the same character. We therefore decline to extend the stated rule to the circumstances of this case. While a more detailed order might have been helpful, unlike Rouse this case does not involve such a lack of reasoning as to impede review when the order is measured against the record facts.
The appealed order is affirmed.
BARFIELD and KAHN, JJ., concur.