PER CURIAM.
Employer/Carrier (E/C) appeal the order of the Judge of Compensation Claims (JCC) requiring them to authorize Claimant to receive an evaluation and follow-up treatment by a specialist in temporoman-dibular joint (TMJ) disease and to have massage therapy. We find the award of massage therapy is supported by competent substantial evidence, including the testimony of chiropractor Dr. Ciasen, and we affirm that provision in the order. See Section 440.13(l)(c), Florida Statutes (1987). Concerning the TMJ treatment award, we find Dr. Dann’s testimony is crucial. It is necessary, however, for us to reverse and remand that portion of the order for the JCC to take further testimony from Dr. Dann for clarification.
The parties stipulated Claimant sustained trauma to the neck in the industrial accident in February 1988, while performing an extended session of court reporting. Dr. Dann, an orthodontist, stated that if the history presented by Claimant was accurate, the “incident just pushed the predisposed condition into exacerbating it.” After reviewing the testimony in context, see H & A Frank’s Constr., Inc. v. Mendoza, 582 So.2d 780, 781-82 (Fla. 1st DCA 1991), we find it significant that Dr. Dann’s response was based in part on a hypothetical situation. In the order, the JCC stated: “I have relied on the testimony of Dr. Dann to the effect that the accident exacerbated a pre-existing problem, causing it to become symptomatic and in need of treatment.” In response to subsequent questioning, however, Dr. Dann said Claimant had not told him the nature of her neck injury. He conceded that, without knowing the nature of that injury, he could not say whether the neck injury caused the TMJ and other related problems. We find it necessary to reverse and remand for the JCC to permit Dr. Dann to clarify his opinion about the relationship, if any, between the work-related accident and Claimant’s TMJ condition.
AFFIRMED in part, REVERSED and REMANDED in part.
SHIVERS, ZEHMER and KAHN, JJ., concur.