PER CURIAM.
Appellant appeals a worker’s compensation order which denied his claim for certain household items, the services of a maid, attorney’s fees and costs. Specifically, appellant seeks reversal of that part of the order which denied his claim for bathtub rails. Because it appears that the judge of compensation claims overlooked or ignored certain evidence, we reverse and remand for reconsideration of the claim for bathtub rails.
While working for the Dade County School Board, appellant suffered back and leg injuries in a compensable accident in December 1992. Appellant contends that his condition as a result of his industrial accident makes it difficult for him to enter and exit the bathtub. Therefore, among other things, appellant requested rails for his bathtub. Appel-lee argued in response that the tub rails, as well as the other items sought, were not medically necessary.
Dr. Christian Keedy, M.D., appellant’s treating physician, testified in deposition that tub rails would improve safety, thereby reducing the risk of further injury to appellant’s back. Dr. Keedy conceded, upon being further questioned, that rails were not a medical necessity in the instant case. The JCC also had before him the testimony of Dr. Basil Yates, M.D., who testified initially that bathtub rails were not a medical necessity in this ease. Later in his testimony, however, Dr. Yates agreed that tub rails would be a medical necessity if appellant’s bathtub was a large one. At the hearing, appellant verified that he has a large tub.
In denying the claim for tub rails, the JCC specifically relied upon testimony of Drs. Keedy and Yates that such was not a medical necessity. It appears that the JCC may have overlooked the testimony of Dr. Yates, as above noted, in which he qualified his testimony by allowing that rails would be necessary for a large tub, and the testimony of the claimant that his tub was large. Accordingly, we find it necessary to remand this case so that the judge may reconsider Dr. Yates’ testimony and award bathtub rails as requested, or explain his rejection of this testimony. See, Yeargin Construction Co. v. Hutchinson, 547 So.2d 1269 (Fla. 1st DCA 1989).
REVERSED and REMANDED.
SMITH, WOLF and MICKLE, JJ., concur.