625 So.2d 1280 (1993)
TRAVELODGE AND ROYAL INSURANCE, Appellants,
v.
Lamercie PIERRE-GILLES, Appellee.
No. 92-2848.
District Court of Appeal of Florida, First District.
October 15, 1993.
Rehearing Denied November 22, 1993.
Mark S. Spangler of Rissman, Weisberg, Barrett & Hurt, P.A., Orlando, for appellants.
John Hugh Shannon, Lakeland, for appellee.
WEBSTER, Judge.
In this workers' compensation case, the employer and carrier seek review of an order *1281 finding that claimant had sustained a compensable injury resulting in a permanent partial impairment; retroactively authorizing chiropractic treatment; and awarding temporary total disability and wage loss benefits. The employer and carrier argue that the record does not contain competent substantial evidence to support the finding that claimant sustained a compensable injury. Because the order includes several findings which are not supported by competent substantial evidence, and because it lacks additional required findings, we reverse and remand for further proceedings.
There is substantial evidence in the record to the effect that, on the day of the alleged accident, claimant appeared to be suffering from flu-like symptoms. Claimant, who was employed as a maid and spoke little or no English, was found later in the day, semiconscious and lying on a bed in one of the rooms which she had been assigned to clean. She was warm, and was perspiring. Claimant was taken by ambulance to a hospital emergency room, where she was examined by Dr. Quigley, a physician board-certified in emergency medicine. Based upon a history obtained through an interpreter and the examination (which revealed that claimant was suffering from classic flu symptoms, including fever, a cough, general malaise and dehydration), Dr. Quigley concluded that claimant was, in fact, suffering from the flu. Nobody suggested to Dr. Quigley that claimant had fallen, or that she had injured her back. When asked, Dr. Quigley said that her examination revealed nothing to suggest that claimant had injured her back.
Notwithstanding the foregoing evidence, claimant maintains that she had not had the flu (and, in fact, had not been ill at all); but that she had fallen and injured her back. Approximately two weeks after the alleged accident, claimant went to see Dr. Merritt, a chiropractor, complaining of low back pain, which claimant said had begun immediately after a fall approximately two weeks earlier, in a room which she was cleaning. Dr. Merritt diagnosed claimant as suffering from "[l]umbar facet syndrome, cervicocranial syndrome [and] cervical spine sprain/strain grade two." According to him, claimant had sustained a 5-percent permanent impairment of the body as a whole; was capable of only light-duty work; and would require chiropractic treatment on a continuing basis.
In addition to the testimony of Drs. Quigley and Merritt, Dr. Uricchio (a board-certified orthopedic surgeon) and Dr. Kaye (a chiropractor), both of whom performed independent medical examinations, testified. Neither was able to detect any objective manifestation of trauma or permanent impairment. Both believed claimant's protestations of pain to be affected.
The judge of compensation claims made no finding regarding the nature of the injury supposedly sustained by claimant. However, from the findings that were made, we presume that he concluded that, as the result of the fall which claimant alleged had occurred, claimant sustained the injuries about which Dr. Merritt testified.
The judge of compensation claims addressed Dr. Quigley's testimony as follows:
I find that Dr. Quigley's testimony is in conflict with the other facts in this case, and that the conclusions Dr. Quigley made were based upon erroneous facts, and most particularly the [c]laimant's condition at the time that she was presented for medical care at the emergency room at Sandlake [sic] Hospital.
This is a particularly puzzling finding, because Dr. Quigley's diagnoses were based principally upon her physical examination of claimant. According to Dr. Quigley, claimant presented in the midst of a flu epidemic with all of the classic symptoms of the flu; and nothing about the examination suggested that claimant had anything but the flu, or that she had any back injury. There is no medical evidence to contradict Dr. Quigley's evaluation of claimant's physical condition at that time. Although the tenor of this finding suggests that perhaps the judge of compensation claims intended to imply that Dr. Quigley misdiagnosed claimant's problem because of a language barrier, Dr. Quigley testified that the language difficulties did not impair her examination. See Days Inn/Days Suites v. Thomas, 623 So.2d 529 (Fla. 1st DCA 1993) (award reversed and case remanded for further proceedings where evidence *1282 did not support finding that language barrier precluded "meaningful evaluation").
In a similar vein, the judge of compensation claims said:
I find nothing in the evidence presented to me that any person ever reported or testified that the [c]laimant ever indicated that she was suffering from any fever, cough, or vomiting, and in fact testimony elicited from all the witnesses support [sic] the [c]laimant's contention that she never vomited, nor did she ever tell anyone that she had these symptoms.
However, Martin Medina, a coworker, testified that claimant had told him earlier on the day in question that she felt sick, and that claimant looked as though she had the flu. Moreover, the report of the emergency medical technicians who delivered claimant to the emergency room indicates that claimant said that she had had a cold with a sore throat that morning, accompanied by fever, headache, stomach pain and aches over her entire body. Dr. Quigley's examination confirmed all of those complaints.
The judge of compensation claims also said:
I find that many of the symptoms on the emergency room report by Dr. Quigley are consistent with the findings of the other doctors, and most particularly the indication of muscular pain all over, and muscle spasms in the low back area. I find from the testimony of Dr. Quigley, and accept that testimony, that it is not inconsistent with a fall to have pain and fever.
No doctor testified that "many of the symptoms" found by Dr. Quigley during her examination of claimant were consistent with a back injury, as this finding implies. Moreover, while Dr. Quigley testified that the fact that claimant was feverish, had a cough and was dehydrated did not necessarily mean that claimant could not have fallen, she also testified that, in her medical opinion, based upon her examination, claimant did not have a back injury.
We conclude that the foregoing findings, among others, are not supported by competent substantial evidence. In addition, several of the findings are internally inconsistent. Accordingly, we are constrained to reverse, and to remand for further proceedings. Gillespie v. Anderson, 123 So.2d 458 (Fla. 1960).
Drs. Quigley, Uricchio and Kaye all testified that they did not believe that claimant had sustained an injury to her back. Only Dr. Merritt offered a contrary opinion. Generally, a judge of compensation claims is not required to explain why he or she has accepted the testimony of one doctor over that of others. However, an explanation is required when the reason for the choice is not apparent from the record, or it appears that the judge has overlooked or ignored evidence in the record. Poorman v. Muncy & Bartle Painting, 433 So.2d 1371 (Fla. 1st DCA 1983). Moreover, when reasons are required, they must be supported by the record; and must logically support the decision. Fritz v. Courtyard by Marriott, 592 So.2d 1167 (Fla. 1st DCA 1992). Here, the reasons for the choice of the opinion of Dr. Merritt over those of the other doctors are not apparent from the record. In addition, it appears that the judge of compensation claims has either overlooked or ignored evidence in the record. Accordingly, we must reverse and remand for this reason, as well.
The order of the judge of compensation claims is reversed, and this case is remanded for further proceedings. On remand, the judge is directed to reconsider his erroneous findings, and the evidence which he apparently overlooked; and to explain his choice of the opinion of Dr. Merritt over those of the other doctors. The judge may request additional evidence, if he believes that it would be helpful in reaching an informed decision.
REVERSED and REMANDED, with directions.
MINER and MICKLE, JJ., concur.