687 So.2d 310 (1997)
Deborah L. HURLEY, Appellant,
v.
STUART FINE FOODS and Claims Center, Appellees.
No. 95-3945.
District Court of Appeal of Florida, First District.
January 27, 1997.
Rehearing Denied February 21, 1997.
Thomas Hodas of Patrick J. Malone, P.A., Jupiter, for Appellant.
Jack A. Weiss and Russell S. Whittle of Conroy, Simberg, Lewis & Ganon, P.A., West Palm Beach, for Appellees.
PER CURIAM.
Deborah L. Hurley appeals a workers' compensation order which, on the basis of the voluntary limitation of income provision of section 440.15(4)(b), Florida Statutes (1991),[1] denied her claim for temporary partial disability and/or wage loss benefits from August 2, 1994, and continuing. She contends that the Judge of Compensation *311 Claims (JCC) erroneously found that she unreasonably refused a modified cashier's position and thereby "voluntarily limited her income." We affirm the order insofar as it determines that claimant voluntarily limited her income when she lived in Hobe Sound. Claimant also contends that the JCC erroneously found that the position continued to be available even after she moved away. We agree with claimant that the deemed earnings provision of section 440.15(4)(b), Florida Statutes (1991), should not have been applied beyond "the next three biweekly periods," and we reverse the order in part accordingly.
As to the contention that the JCC ignored evidence which showed that the proffered cashier's job was beyond claimant's physical capabilities, the JCC was free not to credit either the chiropractor's opinion or the neurologist's original opinion. The JCC gave adequate reasons for relying on the neurologist's (revised) opinion that claimant was physically able to perform the job, in light of the accommodations the employer offered to make. The JCC gave adequate reasons for relying on this opinion instead of the opinion of the chiropractor, who, based on his own physical capacities assessment, opined that the cashier's position was beyond claimant's physical capabilities. Travelodge and Royal Ins. v. Pierre-Gilles, 625 So.2d 1280, 1282 (Fla. 1st DCA 1993).
The JCC also found both that the claimant voluntarily removed herself from the geographical location of the job and that she should be deemed to have received wages for the entire period of the benefits in question, since the job offered "was, and continues to be, within reasonable geographic proximity of the claimant's present home."[2] There is no requirement that a claimant continue to live in her pre-injury residence. Department of Transp. v. Montero, 568 So.2d 65, 66 (Fla. 1st DCA 1990); Lykes Bros. Inc. v. Jackson, 461 So.2d 247, 249 (Fla. 1st DCA 1984). In the present case, the JCC made no finding that the move was the result of "improper motivation,"[3] and "there is no evidence that claimant's relocation following h[er] injury was motivated by a desire to avoid work." Genelus v. Boran, Craig, Schreck Constr. Co., 438 So.2d 964, 966 (Fla. 1st DCA 1983). The JCC's denial of benefits because claimant voluntarily moved, without finding that the move was the product of "improper motivation," must be reversed.
Further, we disagree with the JCC's determination that the offer of a job entailing a daily round-trip of 134 miles constitutes a job offer within a "reasonable geographic area," as required by section 440.15(4)(b), Florida Statutes (1991),[4]B & J Windows v. Sweitzer, 420 So.2d 363, 364 (Fla. 1st DCA 1982)(injured worker not required to accept part-time employment twenty miles from her home, necessitating a daily round trip of forty miles), at least for this claimant, who had an anterior discectomy with inter-body fusion at C5-6 and C6-7 in 1992. Uncontroverted testimony at the merits hearing showed that claimant has continuing neck pains, which are exacerbated by prolonged driving.
Having erred in finding that the job "continues to be within reasonable proximity of claimant's present home," the JCC also erred in concluding, on the basis of Hyatt Regency Westshore v. Robinson, 629 So.2d 1088 (Fla. *312 1st DCA 1994),[5] that the deemed earnings provision of section 440.15(4)(b), Florida Statutes (1991) should automatically apply for more than three biweekly periods. Before the six-week period ended, the claimant had moved from Hobe Sound, so that the cashier's job offer was no longer "appropriate employment" within the meaning of the statute.
We conclude, therefore, that the employer/carrier should be permitted to deem earnings on account of the claimant's refusal to accept employment as a cashier, but only for three biweekly periods, beginning on August 2, 1994.
Affirmed in part, reversed in part.
ERVIN, KAHN and BENTON, JJ., concur.
NOTES
[1] § 440.15 Compensation for disability. (4) TEMPORARY PARTIAL DISABILITY. (b) Whenever a temporary partial wage-loss benefit as set forth in paragraph (a) may be payable, the burden shall be on the employee to establish that any wage loss claimed is the result of the compensable injury.... In the event the employee voluntarily limits his income... it shall be presumed, in the absence of substantial evidence to the contrary, that the salary, wages, and other remuneration that the employee was able to earn ... is the amount which would have been earned if the employee had not limited his income or failed to accept appropriate employment or had not been terminated from employment due to his own misconduct. The amount deemed shall be applied against the next three biweekly payments....

§ 440.15(4)(b), Florida Statutes (1991).
[2] The JCC found that claimant moved from Hobe Sound, Florida, to the Melbourne, Florida, area "approximately six months prior to the hearing." The hearing date was February 15, 1995. Thus, the JCC found that claimant moved from Hobe Sound to Melbourne, about August 15, 1994.

The record shows that the official one-way mileage between Melbourne and Stuart, the location of the cashier's job, is sixty-seven miles.
[3] The JCC found that claimant moved for financial reasons, which do not constitute "improper motivation." Evidence showed she moved in with her parents in Melbourne.
[4] [B]eginning on the 13th week after the employee has received the first payment of a temporary partial wage-loss benefit, if the employee does not obtain and maintain employment, the employer may show that the salary, wages, and other remuneration the employee is able to earn is greater than zero by proving the existence of actual job openings within a reasonable geographic area which the employee is physically and vocationally capable of performing, in which case the amount the employee is able to earn may be deemed to be the amount the judge of compensation claims finds that the employee could earn in such jobs.

§ 440.15(4)(b), Fla. Stat. (1991).
[5] The Hyatt case involved section 440.15(3)(b)2, Florida Statutes (Supp.1990), not section 440.15(4)(b), Florida Statutes (1991). See also Donahue v. CTL Distrib., 682 So.2d 1218, 1218-19 (Fla. 1st DCA 1996)(Ervin, J., dissenting).