ERVIN, Judge,
concurring and dissenting.
I concur with all the issues addressed in the majority’s opinion, except that reversing and remanding for additional findings for the purpose of determining whether an actual emergency exists. By awarding emergency benefits, which is supported by competent, substantial evidence, the judge of compensation claims (JCC) implicitly made such finding at the hearing below.
The majority has indicated that competent, substantial evidence may support such a finding, but, citing Dayco Products v. Rue, 676 So.2d 58 (Fla. 1st DCA 1996), it decides that because the JCC made no such express finding in the order, the cause must be remanded for such purpose. In Dayco, this court held that “the JCC must include a finding, based on competent substantial evidence that an actual emergency exists and must state sufficient facts to support this finding.”[2] Id. at 61 (emphasis added). Under the somewhat unusual circumstances of this ease, however, I do not consider that the Dayco rule applies.
The facts in Dayco are substantially dissimilar from those on review, because there was no competent, substantial evidence in Dayco to support the order granting emergency care, and there was no discussion in the opinion of whether the employer/carrier (E/C) had timely filed a motion for rehearing based on the ground that the JCC had failed to find the statutory predicate of a bona fide emergency. In a case such as that at bar, where competent, substantial evidence supports the order, and the party aggrieved by the order fails to seek a timely motion for rehearing, I would follow the rule that this court should not reverse for a readily correctable technical error that the JCC was not timely asked to correct. B & J Windows v. Sweitzer, 420 So.2d 363 (Fla. 1st DCA 1982) (JCC failed to exclude claimant’s non-covered employment when determining wage loss); Acosta Roofing Co. v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981) (JCC established incorrect MMI date in final order), review denied, 412 So.2d 463 (Fla.1982).
In reaching this conclusion, I think it helpful to recite some of the pertinent statutory language and ease law involving the necessity of findings. Section 440.25(4)(e), Florida Statutes (1995), requires that an “order making an award ... shall set forth the findings of ultimate facts and the mandate; and the order need not include any other reason or justification for such mandate.” In construing the language of a similarly worded version of this statute, the Florida Supreme Court stated in Pierce v. Piper Aircraft Corp., 279 So.2d 281, 284 (Fla.1973), cert. denied, 292 So.2d 19 (Fla.1974): “We now hold the Judge of Industrial Claims need make only such findings of ultimate material fact upon which he relies, as are sufficient justification to show the basis of an award or a denial of the claim.” In the ease at bar, although there was no explicit finding of a need for emergency care, the judge, by granting the motion for such relief, obviously made an implicit finding that emergency care was in fact needed.
Therefore, when competent, substantial evidence supports an implicit finding that the need for emergency care exists and no motion for an order correcting the lack of a finding is timely made, I would adopt a rule similar to that which this court applies to its review of medical evidence, recognizing that a JCC should explain his or her reasons for accepting the testimony of one doctor over that of another if the conclusions recited in the order are not apparent from the record, or if it appears that the JCC has overlooked *1391 or ignored evidence in the record. H & A Frank’s Constr., Inc. v. Mendoza, 582 So.2d 780 (Fla. 1st DCA 1991); Ate Fixture Fab v. Wagner, 559 So.2d 635 (Fla. 1st DCA 1990); Yeargin Constr. Co. v. Hutchinson, 547 So.2d 1269 (Fla. 1st DCA 1989); Philpot v. City of Miami, 541 So.2d 680 (Fla. 1st DCA 1989).
In that the JCC’s conclusions are readily apparent from the record, and it does not appear that he overlooked or ignored evidence before him, I would affirm as to this issue, but, as stated, I concur with the majority in its disposition of all of the remaining points.

. Although the majority employed mandatory language in the Dayco opinion, it relied on an earlier opinion of this court that construed the same statute and employed only directory language: "If an emergency conference results in the entry of an order awarding benefits, the JCC should, include a finding, based on competent substantial evidence, that an actual emergency exists and state sufficient facts to support this finding.” Town of Jupiter v. Andreff, 656 So.2d 1374, 1377 (Fla. 1st DCA 1995) (emphasis added).