695 So.2d 786 (1997)
Joseph STANIFER, Appellant,
v.
LYNNE PRECAST, INC., and National American Insurance Company, Appellees.
No. 96-1135.
District Court of Appeal of Florida, First District.
May 2, 1997.
Mark N. Tipton, Ocala, for Appellant.
Thomas H. McDonald of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellees.
ERVIN, Judge.
In this workers' compensation appeal, claimant, Joseph Stanifer, contends the judge of compensation claims (JCC) erred in entering an order which denied his claims for authorization of an orthopedist to treat his low-back condition and of a pain-management clinic. Because it appears that the judge overlooked or ignored critical evidence, we reverse and remand the case for further findings consistent with this opinion.
The claimant suffered a compensable injury to his face and chest on October 16, 1986, and the parties entered into a lump-settlement on November 29, 1989. The claims that are the subject of this appeal were included in a petition for benefits filed on July 12, 1995. The employer, Lynne Precast, Inc., and carrier, National American Insurance Company (collectively, the E/C), prevailed on the grounds that the claim for authorization of a medical specialist was unrelated to the compensable injury, which, it contended, did not involve injury to claimant's low back, and that the claim for treatment at a pain clinic was medically unnecessary.
In reaching his decision that the claimant's low-back condition was not caused by the compensable accident, the JCC ruled:
I find that the claimant did not injure his low back as a result of this injury or from its sequela. The extensive medical records do not indicate any complaints of low back pain until approximately 2-1/2 years after the industrial accident.... I reject any conflicting opinions from doctors on this issue because they did not have the benefit of all of the claimant's prior medical records indicating an absence of low back complaints immediately after the accident.
In fact, the records reveal that approximately five months following the accident, on March 23, 1987, during treatment for his compensable injuries, one of claimant's attending physicians, Dr. Alverez, reported that claimant was complaining of neck pain radiating down to his back and hips. Because it appears from the record that the JCC may have overlooked or ignored critical evidence in the record, we feel constrained to reverse as to this issue and remand the cause with directions that he reconsider his erroneous findings as well as the evidence he apparently overlooked. See H & A Frank's Constr., Inc. v. Mendoza, 582 So.2d 780 (Fla. 1st DCA 1991); Ate Fixture Fab v. Wagner, 559 So.2d 635 (Fla. 1st DCA 1990); Yeargin Constr. Co. v. Hutchinson, 547 So.2d 1269 (Fla. 1st DCA 1989); Philpot v. City of Miami, 541 So.2d 680 (Fla. 1st DCA 1989).
*787 As to the JCC's denial of the claim for authorization of a pain clinic, we also reverse and remand for additional findings. Although the JCC's order in this regard is supported by Dr. Hunter's opinion that no further treatment would be beneficial, the JCC also continued, "[E]ven if there was any potential benefit to the claimant from treatment at a pain-management clinic, such benefit would only be to his non-compensable low back condition." Consequently, we consider it impossible to determine whether the JCC would have reached the same result had he not made his erroneous finding as to the first issue regarding lack of causation between claimant's low-back condition and his industrial accident. On remand, the JCC may request additional evidence in regard to both issues if he believes it would be helpful in reaching an informed decision.
REVERSED and REMANDED.
DAVIS and BENTON, JJ., concur.