PER CURIAM.
The Employer/Carrier appeal the JCC’s ruling that Claimant is entitled to temporary total compensation benefits and further medical care and attention arising out *913 of a work-place injury occurring on July 9, 1999. Claimant was injured while changing a plastic number from a sign at the gas station at a convenience store where she worked. The plastic number struck Claimant’s left wrist, causing it to hurt, bleed, and swell. E/C immediately authorized treatment, and on July 12, 1999, Claimant was diagnosed with a contusion/crush injury to the left wrist and hand. Claimant continued to work until August 9,1999.
E/C do not dispute that Claimant was injured on July 9, 1999, and Claimant was paid benefits until the E/C concluded Claimant continued to self-inflict manifestations of her injury. We remand for further consideration.
E/C claim the JCC ignored or overlooked medical testimony that opined Claimant self-inflicted her injury, i.e., she caused her left wrist and hand to become extremely swollen by applying a tourniquet (such as a belt or rope) for a prolonged period. The JCC’s order does not address Dr. Harris’ diagnosis of Secretan’s Syndrome (self-inflicted lymph edema). The JCC’s order also erroneously states that Dr. Belsole found self-infliction was a differential diagnosis. Instead, Dr. Bel-sole testified within a reasonable degree of medical probability that the swelling in Claimant’s left arm was caused by either unintentional or intentional self-infliction. In conflicting testimony, Dr. Barsa believed that there may be some contributing underlying psychiatric and psychological problems, but that Claimant’s current pain and dysfunctions are significantly related to her industrial accident.
The JCC is authorized to accept one doctor’s testimony over that of others, but his reasons therefor must be supported by the record. See Fritz v. Courtyard By Marriott, 592 So.2d 1167 (Fla. 1st DCA 1992); H & A Frank’s Const., Inc. v. Mendoza, 582 So.2d 780 (Fla. 1st DCA 1991). Here, the JCC gave no reason for rejecting Dr. Harris’s testimony, and made erroneous findings as to Dr. Belsole’s testimony.
Accordingly, we remand for further proceedings to allow the JCC to consider the testimony of Drs. Harris and Belsole, and to take additional evidence, if necessary, to reach a proper decision on causation. We affirm the remaining issues on appeal.
AFFIRMED IN PART; and REVERSED and REMANDED for further proceedings.
BOOTH, BARFIELD and MINER, JJ., concur.