BROWNING, J.,
dissents.
I respectfully dissent.
The majority correctly opines that we are compelled to affirm a JCC who without explanation makes a decision based on competent substantial evidence (CSE). Chavarria, 840 So.2d at 1071. However, we are not compelled to affirm when a JCC relies on testimony that does not constitute CSE. Jackson v. Columbia Pictures, 610 So.2d 1349 (Fla. 1st DCA 1992). That is the case here which impels me to dissent.
*267 The JCC accepted the testimony[1] of Dr. Forman (relating to Appellant’s claim for psychiatric care), who opined on cross-examination:
Q. Okay. So if I understand you correctly, you’re not willing to attribute any psychiatric problems or symptoms that she reported to you to the industrial accident; is that correct?
A. Not on the basis of a one percent impairment rating for her wrist and a zero percent impairment rating for her knees; no, I would not.
And on redirect:
Q. Okay. Doctor, let’s assume that Ms. Sewell had a six percent impairment rating on her knee. Would that make any difference in your psychiatric evaluation of her?
A. I don’t know, to be honest with you.
The above testimony shows that the competency of psychiatrist Dr. Forman’s testimony was premised on impairment ratings given by non-psychiatric physicians. While this is a common practice, the impairment ratings relied upon by Dr. Forman were expressly rejected by the JCC when he determined that Appellant was permanently and totally, physically disabled as of a certain date that was contested by the Appellees. Even more significantly, the parties stipulated to Appellant’s permanent and total, physical disability based on impairment ratings of doctors, who testified to significantly higher impairment ratings, not relied upon by Dr. Forman. It is inconceivable to me that the JCC was at liberty to accept (along with the parties) the doctors’ higher impairment ratings that were rejected by Dr. Forman, and then accept Dr. Forman’s total reliance upon the lower impairment ratings rejected by the JCC and the parties.[2] An appellate court is not permitted to re-weigh a JCC’s measurement of conflicting CSE, but an appellate court does have the prerogative and, I believe, crucial duty to determine if proffered testimony reaches the threshold of CSE. When testimony is “inherently incredible and improbable,” it does not constitute CSE, and an appellate court has the authority and duty to correct the testimony’s usage. Shaw v. Shaw, 334 So.2d 13, 17 (Fla.1976). To accept any other principle removes logic and reason from the legal process and thereby relegates the system to one no better than one based upon chance. That is clearly the case here, and by failing to correct the JCC’s acceptance of Dr. For-man’s clearly erroneous testimony, Appellant is denied her entitlement to psychiatric benefits by a misapplication of the standard of appellate review.
For the foregoing reasons, I would reverse and remand for entry of an order granting to Appellant psychiatric benefits and attorney’s fees.

. Dr. Forman’s testimony was presented by deposition. When this occurs the appellate constraints are not as confining as when a JCC or trial court hears and sees the witness. H & A Frank’s Constr., Inc. v. Mendoza, 582 So.2d 780 (Fla. 1st DCA 1991).

. The parties and the JCC relied upon Appellant's impairment ratings of 15 percent for her knees and 6 percent for her wrist.