# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-0947
LT Case No. 2020-CA-000067

_____

JOHN F. CRITTENDEN and
LAURIE B. CRITTENDEN,

    Appellants,

    v.

REGINALD H. TUMLIN, JR.,
RONALD G. TUMLIN and
REGINALD H. TUMLIN as
SUCCESSOR TRUSTEE of the
GEORGIE H. TERWILLEGAR
REVOCABLE LIVING TRUST,

    Appellees.

_____


On appeal from the Circuit Court for Putnam County.
Kenneth J. Janesk, II, Judge.

John D. Middleton, of Middleton & Middleton, P.A., Melrose, for
Appellants.

Peter A. Robertson, of The Robertson Firm, P.A., St. Augustine,
for Appellees.

August 23, 2024


EDWARDS, C.J.

Appellants, John F. Crittenden and Laurie B. Crittenden, appeal the final judgment entered after a nonjury trial in favor of Appellees, Reginald H. Tumlin, Jr., Ronald G. Tumlin, and Reginald H. Tumlin, as Successor Trustees of Georgie H. Terwillegar Revocable Living Trust. Appellants also appeal the order denying their motion for rehearing which noted that the trial court overlooked or ignored the testimony of its surveyor expert witness, David Deren. Because the trial court overlooked or ignored conflicting testimony presented at trial, which could have resulted in a different outcome had it been considered, we reverse and remand for the trial court to consider all the testimony and related evidence presented at trial by all three surveyors.

This case involves property line disputes affecting several plots of land on the shore of a lake in Putnam County, an associated easement, and the surrounding property. Three surveyors, not two, testified during the two-day nonjury trial that began on August 16, 2022. As Appellants pointed out in their motion for rehearing, which the trial court denied without comment, it was clear that the trial court overlooked or ignored the testimony of the surveying expert, Deren, who testified on behalf of Appellants.

In the final judgment, dated December 14, 2022, the trial court states that two surveyors were called as expert witnesses at trial when in fact there were three: Knapp, Morris, and Deren. Further, the trial court's final judgment specifically refers to "a survey certified by David Deren (another surveyor **who did not testify** but who's [sic] survey was referred [to] and relied upon by testifying experts)." (emphasis added). In reaching its final judgment, the trial court clearly relied upon the testimony of Joseph Knapp, Appellees' expert witness surveyor, while obviously overlooking or ignoring the trial testimony of Deren. We note that the testimony of Knapp and Deren conflicted on several critical points concerning the boundary lines and location of the easement.[1] This is not a case in which the trial court discounted

---

[1] As noted, a third surveyor expert witness, David Morris, also testified at trial. We do note, as did the trial court, that Morris' testimony differed from that offered by Knapp, at least as to the location of the easement and perhaps in other regards. Morris'

2

or rejected Deren's testimony; rather, it clearly overlooked or ignored it.  Thus, we cannot say that the trial court would have reached the same conclusion had it not overlooked or ignored this evidence.[2]

"Where it is demonstrated that the [trial judge in a nonjury case] overlooked or ignored evidence, which if considered by the [judge] could change the outcome of the case, the proper remedy is reversal and remand for consideration of this evidence." *Miami-Dade Cnty. v. Mitchell*, 159 So. 3d 172, 173 (Fla. 1st DCA 2015). *See Rivas v. Oasis Outsourcing, Inc.*, 147 So. 3d 670, 672 (Fla. 3d DCA 2014);  *Stanifer v. Lynne Precast, Inc.*, 695 So. 2d 786, 786 (Fla. 1st DCA 1997); *Travelodge & Royal Ins. v. Pierre-Gilles*, 625 So. 2d 1280, 1282 (Fla. 1st DCA 1993).

Appellees concede that the trial court erroneously stated that Deren did not testify at trial.  We reject Appellees' argument that this was harmless error as we cannot conclude whether the trial court would have reached the same results had it not overlooked or ignored Deren's testimony.  *See Special v. W. Boca Med. Ctr.*, 160 So. 3d 1251 (Fla. 2014).

Accordingly, we reverse the final judgment and remand this matter to the trial court for further proceedings consistent with this opinion, including for the trial court to review the testimony and related evidence presented at trial by all three surveyor expert witnesses, following which it must render an appropriate amended final judgment.

---

testimony was referenced in the final judgment and apparently rejected, at least in part, based on the trial court's consideration of *Tyson v. Edwards*, 433 So. 2d 549 (Fla. 5th DCA 1983).  We offer no opinion at this time on the applicability of *Tyson* to the facts of this case.

[2] One might have concluded that the trial court made a simple misstatement but for the fact that it denied Appellants' motion for rehearing, in which that issue was raised, without any comment or explanation.

REVERSED and REMANDED with instructions.

MAKAR and PRATT, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————